**GUERNSEY, Plaintiff-Appellant v. FERGUSON, Auditor, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3795.   Decided February 15, 1945.

Melvin C. Light, Lima, for plaintiff-appellant.

Hon. Thomas J. Herbert, Atty. Gen. and Perry L. Graham, Asst. Atty. Gen., Columbus, for defendants-appellees.

SHERICK, J., of the Fifth Appellate District, sitting by designation.

**OPINION**

BY THE COURT:

The appeal is on questions of law.

We are committed to the proposition that,

"An action for declaratory judgment will not lie unless there is an actual controversy presenting a justiciable dispute between the parties." **Hammontree v Hawley, 40 Abs 483.**

The written opinions of Judges Randall and Leach of the Common Pleas Court analyzing the pleadings and directing attention to the reasons why there is no substantial justiciable dispute between the parties are approved and followed.

The brief of appellant in this Court is substantially the same as in the trial Court, and the Attorney General, on behalf of the defendants-appellees elects to file no brief.

There is no denial of the averment of the amended petition of plaintiff's residence in Fostoria, no denial that plaintiff had temporary quarters only in Lima, the place where the Court of which the plaintiff is a member, held its sessions, and no denial of the correctness of plaintiff's expense account. There is no issue on the determinative factor in the case, namely, the bona fide residence of the plaintiff in Fostoria. How, then, is there anything upon which to base a declaratory judgment?

Judgment affirmed.

HORNBECK, GEIGER and SHERICK, JJ., concur.

### ON APPLICATION AND AMENDED APPLICATION FOR REHEARING

Decided March 16, 1945

BY THE COURT:

Submitted on application and amended application of appellant for rehearing.

In the brief on the amended application for rehearing, counsel dwells at considerable length on the fact that this Court is not supported in its position in relying upon the opinions of Judges Leach and Randall, because the opinion of the former related to the second amended petition and the answers thereto, and the opinion of the latter, although directed to the third amended petition and the answers thereto, ignored certain allegations of the third amended petition. In our judgment, notwithstanding the amendments to the petitions and the amendments to the answers, the status of the parties in this case has not materially changed and the rationale is sound upon which the Judges of the Common Pleas Court held that there was no justiciable issue between

the parties upon which to pronounce a declaratory judgment.

Counsel for appellant concedes that an action for declaratory judgment will not lie unless there is an actual controversy presenting a justiciable dispute between the parties. Attention then is directed by the brief to the specific allegation of the third amended petition admitted by the answers, to wit:

"There is no controversy as to whether or not such items of expense were actual and necessary, nor as to the circumstances under which they were incurred. The controversy is whether plaintiff as such Judge, maintaining an actual and legal residence in Seneca County, but at the same time maintaining living quarters in Allen County, as herein recited, was entitled to his actual and necessary expenses, computed as herein recited, while holding court in Allen County, the plaintiff contending that he was so entitled and the defendants denying such contention."

The controlling section pleaded is §2253-3 GC.

"In addition to the annual salary and expenses provided for in §§1529, 2251 and 2253-2 GC each Judge of the court of appeals holding court in a county in which he does not reside shall receive his actual and necessary expenses incurred while so holding court in a county in which he does not reside, to be paid by the state treasurer upon the warrant of the auditor of state issued to such Judge * * *."

The emphasized language of the section demonstrates that the facts averred in the third amended petition and admitted in the answers thereto conform with every operative word of the section.

Specifically, it is alleged and admitted that during the time that the expenses were incurred which are the subject of the action:

1. The plaintiff was a Judge of the Court of Appeals of the Third District of Ohio;

2. That the situs of the court was validly established in Allen County and cases from other counties were properly considered and determined there under §1524 GC;

3. That plaintiff was holding court;

4. In Allen County;

5. A county in which he did not reside (his residence being in Seneca County);

36

6. That the expenses were "actual and necessary expenses incurred while so holding court in a county (Allen) in which he does not reside."

It thus appears that although, conceivably, several issues could have been raised, actually, by the averments and admissions the Court is precluded from giving any consideration to any one of them.

The mere assertion of the parties that there is a controversy does not meet the essential of the exercise of judicial power under the declaratory judgment act, namely, that there is a real and substantial controversy between them.

We hold to the opinion that there is no actual controversy between the parties to the appeal even though all of them state that there is.

The application and amended application for rehearing will be denied.