**HAGERMAN, Plaintiff-Appellant, v. DAYTON (City) et al., Defendants-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1879. Decided February 15, 1946.

John M. Sprigg, Dayton, for plaintiff-appellant.

Herbert S. Beane, City Attorney, and Cecil Edwards, Assistant City Attorney, Dayton, for defendant-appellee City of Dayton.

Harshman & Young, Dayton, for defendant-appellee, the Dayton Public Service Union, et al.

J. L. Davies, City Attorney, Columbus, Paul W. Younker, City Solicitor, Greenville, Henry M. Bruestle, Asst. City Solicitor, Cincinnati, Howard Williamson, Dayton, for plaintiff-appellee as Amici Curiae.

## OPINION

By HORNBECK, P. J.

This appeal is noted as upon questions of law and fact.

The record is made up of a stipulated statement of facts.

The action was for a declaratory judgment testing the validity, and if valid, the scope of an ordinance of the City of Dayton, No. 15776, and particularly, Sections 1 and 2 thereof.

The trial judge, among other things, found that the union dues deductions authorized to be made under the ordinance are—

"For the private convenience and benefit of the city employees who are members of the union and for the benefit of the union itself, and as such the cost of expense involved in making such deductions would have to come from sources other than public funds."

By reason of this finding the court held and adjudged that portion of the ordinance to which the special finding referred to be invalid.

Upon oral presentation of the appeal one of counsel stated that since the judgment in the Common Pleas Court the City Commission of the City of Dayton had enacted another ordinance affecting the question upon which the trial judge had declared the ordinance in this case to be invalid. Thereafter, the court, upon its own motion, requested that counsel make stipulation respecting the new ordinance and this has been done by the parties, with certain reservations.

By the terms of the new ordinance, No. 15937, it is specifically recited that it is enacted to comply fully with the judgment and finding of the Court of Common Pleas in the case under consideration in the instant appeal. Section 2 of the ordinance

"directs the Director of Finance of this City to recognize only such assignments of wages made by City employees in payment of their Union dues pursuant to the provisions of Ordinance 15776, heretofore passed, as specifically provide for him to deduct from such moneys so assigned an amount equal to five (5) per cent thereof to cover all cost and expense incurred by the City in making such deductions and remissions to the Union Treasurer as aforesaid."

By the terms of the last ordinance the provisions of the former ordinance upon which the Common Pleas Court pronounced the judgment of its invalidity are no longer subsisting and effective legislation and the question heretofore ad-

judicated is now but moot. We are not required to and therefore do not expres any opinion on this question.

This court is committed to the proposition that—

"an action for declaratory judgment will not lie unless there is an actual controversy presenting a justiciable dispute between the parties." **Hammontree v Hawley, 40 Abs 483;** **Guernsey v Ferguson, Auditor, et al, 43 Abs 33, 61 N E (2), 823,** the same case on rehearing, unreported, Franklin No. 3795, decision Mar. 16, 1945."

Counsel for appellant has filed a supplemental brief in which it is urged that, notwithstanding the enactment of the second ordinance which repeals the ordinance under consideration here, the court should define the appellant's rights, duties and privileges as a public official under said ordinance No. 15776. The difficulty with this proposition is that upon the question of the validity of the ordinance in the particular now under consideration the appellant has sustained his position and has a judgment to that effect. Should this court hold with him, it would add nothing whatever to his rights as now established by a judgment which is, and would be, if he were successful in this Court, unreversed and unmodified. It is immaterial whether or not the invalidity of the ordinance is grounded upon constitutional or other legal grounds.

In a review of an action in mandamus, our Supreme Court has held in **State ex rel, Apple v Pence, et al., 137 Oh St 569,** that, before issuing a pre-emptory writ, the court should take into consideration the facts and conditions then existing. Of course, the principle that a court will not decide a moot question is well recognized. **Miner v Witt, 82 Oh St 237; Pollitz v Public Utilities Commission, 93 Oh St, 483; Travis v Public Utilities Commission, 123 Oh St 356,** see particularly opinion of Marshall, C. J., at page 359.

These last cited cases were proceedings in error. The instant appeal is on questions of law and fact in which there can be no question but that the court has the right to take testimony on any material issue as the case is heard de novo.

There is then left the issue of the validity of the provisions of this ordinance in the other particular in which it is challenged.

The purpose of the ordinance is to authorize the Director of Finance to make payroll deductions as requested by city employees. The ordinance in detail sets up the requisite

procedure on the part of the employes of the city who belong to a union, and upon the part of the Director of Finance of the City of Dayton, to accomplish the retention and payment of union dues to a designated agent acting for the union by periodical payments made from funds withheld from wages due said employees from the city.

It is claimed by defendants, the City of Dayton and the Dayton Public Service Union, et al., that the provision of the ordinance authorizing assignment of wages by the employees is in accordance with the provisions of §6346-13 GC. This is denied by the plaintiff. Plaintiff also asserts that the ordinance is unconstitutional, but, as heretofore stated, this question is no longer before us by reason of the enactment of the subsequent ordinance heretofore discussed.

Sec. 6346-13, GC, provides:

"Notwithstanding the provisions of 6346-12 GC, no assignment of, or order for wages or salary shall be valid if made after this act goes into effect and before April 1, 1939. Nothing herein shall affect or invalidate any contract or agreement between the employers and their employes, or as between employers, employes, **and any labor union as to any check-off on the wages of such employed as may be agreed upon.**" (Emphasis ours.)

The ordinance, if valid, authorizes the assignment of wages and the assignment if accepted pursuant to that authority would be an agreement between employers and employees and in favor of the labor union and the assignment is accomplished by check-off of the wages.

The question presented is one of first impression as no cases are cited and we have found none upon our own research. There is no definition of employer or employee in the section under consideration nor in any other germane sections. In the broadest sense of the term there can be no doubt that the relationship of the city and the men who have assigned their wages is that of employer and employee. Such relationship by such designation is recognized in many branches of the governmental service although it is true that in most instances there is specific definition of the term employer and employee in the respective acts defining their rights, duties and obligations. There is nothing in the section to indicate any purpose to exempt municipal corporations from the status of an employer under the section and no good reason attends

why it should be so construed in the instant cause. The assignors are not public officers. **Home Indemnity Co.** etc. **v Village of Plymouth, 146 Oh St 96.**

In our judgment, the section has application to the situation here presented and may be given force and effect.

Inasmuch as the one formidable obstacle to the consummation of the plan contemplated by the assignment of wages has been taken from this case, we hold the ordinance to be valid. The procedure outlined therein is not difficult of interpretation and we perceive no question presented by the pleadings which is not met by the general statement that the ordinance in so far as now subsisting is valid legislation. Decree accordingly.

MILLER and WISEMAN, J. J., concur.

No. 1879. Decided March 8, 1946.

**OPINION**

On Application for Rehearing.

By THE COURT:

Submitted on the application of plaintiff-appellant for rehearing. Four reasons are assigned.

1. The Court does not specifically state whether or not the judgment of the Common Pleas Court of Montgomery County, Ohio, in the within cause was affirmed or reversed.

Such a determination would not be proper on this appeal which is on law and fact. A judgment will be entered in this court as upon de novo trial. We recognize that the action here for declaratory judgment is at law and that the questions decided are law questions. But, as the appeal is noted upon questions of law and fact and no objection was made to proceeding as upon this type of appeal, we have so considered it.

2. The Court wholly ignored and failed to pass upon the fact that Ordinance 15937 of the City of Dayton, Ohio, deprives a public servant of his constitutional right to an appeal from the decision of the Common Pleas Court of Montgomery County, Ohio.

This is the first and only time that this question has been suggested. Without respect to the effect of the provisions of the ordinance, plaintiff-appellant has had full and unrestrict-

ed right to present and have his appeal adjudicated upon the one issue which was subsisting at the time the appeal was presented to this court.

3. The Court in effect has ruled upon the validity of an ordinance not in effect at the time of the institution of the present action.

We have stated fully our reasons for the refusal to determine what we have found to be a moot question; see also 2 O. Jur., 586, 587, 588. Any further discussion would be a work of supererogation. Obviously, the city, by the enactment of the new ordinance, having yielded and acceded to the judgment of the Common Pleas Court, could not be heard to urge the invalidity of the ordinance in this respect in any future proceeding.

4. At the instance and demand of the Court, counsel in the within cause were required to stipulate in regard to matters which did not affect the parties hereto at the time of the filing of this action but which does affect taxpayers of the City of Dayton and parties to another legal action which has not been heard upon its merits and is not at present before this Court.

We are of the opinion that the stipulation was appropriate in this cause for the reasons stated in our original opinion.

Our attention is again directed to **Grant v The Village of Hyde Park, 67 Oh St 166, and City of Cleveland v Division 268, etc., 30 OO 395.** We did not discuss these cases because we do not feel that the law therein enunciated is dispositive of any question presented on this appeal.

The application for rehearing will be denied.

HORNBECK, P. J., MILLER and WISEMAN, JJ., concur.