CRITERION SERVICE INC., Plaintiff-Appellee, v. EAST
CLEVELAND (City), Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21334. Decided July 5, 1949

Rocker & Schwartz, Cleveland, for plaintiff-appellee.
E. A. Binyon, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.
This appeal comes to this court on questions of law and
fact from a judgment and decree for plaintiff in the common
pleas court of Cuyahoga County.

The plaintiff is in the business of Outdoor Advertising. The manner in which it conducts such business is by leasing or otherwise acquiring the right to use wall space on the outside of buildings and then installing wall boards approximately four feet by seven and one-half feet thereon and posting upon such boards the advertisements of those who contract for such services. The plaintiff had for a number of years conducted a part of its business in the City of East Cleveland having maintained approximately fifty boards upon buildings within said city.

There are three Ordinances of the City of East Cleveland which control the right to erect and maintain billboards. Section 27 of the Building Code which requires that all billboards shall be constructed and maintained in conformity with Ordinance No. 963; Ordinance 963 in part providing the manner in which all billboards shall be built and maintained, as also providing the owner or erector shall first obtain a permit from the inspector of buildings. Ordinance No. 1575 which is the zoning ordinance of the City of East Cleveland which in part provides that advertising signs and billboards, except for accessory uses, are excluded in U-3 Districts (retail store districts) but permitted in U-4 (commercial) districts.

The plaintiff had maintained advertising boards of the type above described upon buildings in U3 districts of the city for a number of years without procuring a permit as provided by ordinance. The city ordered defendant to remove said boards. Thereupon plaintiff offered to take out permits and pay whatever fee was by law imposed therefor but the city refused through its building inspecting department to issue permits. To prevent the city from removing plaintiff's boards in the U3 districts this action was filed seeking a permanent injunction.

Plaintiff's petition, after alleging the foregoing facts, says:

"Plaintiff says that said ordinance insofar as it prohibits such signs in U3 Districts is unreasonable, oppressive, burdensome, unlawful and void and constitutes a confiscation of property and depriving plaintiff of its property without due process of law; that in the guise of regulations prohibits the exercise of a lawful and legitimate business in said city in violation of the Constitution of the United States and the State of Ohio."

The answer of the defendant alleges that the City of East Cleveland has by ordinance No. 1575, established a zone plan for the city and alleges further that plaintiff's petition does not state a good cause of action.

Upon issues joined, the court found for the plaintiff and restrained the defendant from interfering with plaintiff's advertising boards located in the U3 districts.

This being an appeal on questions of law and fact we are not concerned with the results below but must look to the issues as presented by the pleadings and the evidence introduced in this court in support of or contradicting the claims of the parties. There are two preliminary questions:

■ Is injunction the proper remedy under the facts here presented, or is plaintiff's remedy to be found in an action in mandamus?

■ It being admitted that the plaintiff did not follow out the provisions of the ordinances of East Cleveland wherein upon refusal of the building department to issue permits the applicant may take an appeal from such refusal to the board of zoning appeals and from an adverse ruling before such appeal board, a review is provided for before the City Commission, may the plaintiff seek redress in the court without first having complied with such administrative proceeding?

Upon these two claims of defendant we hold for the plaintiff. It is the claim of plaintiff that the zoning ordinance is unconstitutional and void as to its application to plaintiff's business and that therefore it cannot be compelled to show an attempt to comply with the provisions of the ordinance. The cases cited by defendant are in support of circumstances where the plaintiff is seeking to compel the city to afford plaintiff the benefits of an ordinance. They are, therefore not in point upon the issues here presented. The plaintiff may seek relief by injunction against an ordinance which ■ he claims to be unconstitutional and void without first complying with the administrative procedure provided for by such ordinance.

We come now to the question of whether or not the provisions of the zoning ordinance prohibiting advertising signs and billboards except as they may be displayed as an accessory use to the lawful business conducted upon the property in U3 districts under the zoning ordinance of the City of East Cleveland is unconstitutional in that they are "unreasonable, oppressive, burdensome, unlawful and void and constitute a confiscation of property and the depriving plaintiff of its property without due process of law."

In Zoning Law & Practice, by Yokley, paragraph 35 at page 53 under the title "Presumption of Validity" we find the following:

"It must be borne in mind, however, that the strong

presumption in favor of the validity of a legislative act likewise applies to municipal zoning ordinances."

It is for the legislative authority of a city and not the courts to determine the text of regulations to be embodied within .the terms of a zoning ordinance. Only in the event that it is made to appear by clear and convincing proof that the terms of such ordinance are "unreasonable, oppressive and confiscatory" will a court intervene.

The right of the City of East Cleveland to pass a complete zoning ordinance is not questioned by the plaintiff. The plaintiff's contention is that the provisions of the zoning ordinance are oppressive and unreasonable as they apply to its business of building and maintaining advertising wall boards. The purpose of a zoning ordinance is to district the territory of a municipal corporation so that the several uses for which such property may be legally employed will be, insofar as is possible, separated into zones so that the greatest benefit as to one use may be achieved with the least possible detriment to property employed for other uses. In other words, to separate residential districts from commercial districts and to separate both of these from property zoned for industrial use.

The Supreme Court of the United States has held that where a complete plan of all the territory of a municipal corporation is worked out with reasonable regard for the general rights of all, such an ordinance is a constitutional exercise of the police power of such municipal corporation because as was said in the case of Windsor v. Whitney, 95 Conn. 357:

"It betters the health and safety of the community; it betters the transportation facilities and it adds to the appearance and wholesomeness of the place, and as a consequence, it reacts upon the morals and spiritual power of the people who live under such surroundings."

Zoning ordinances involve a reciprocity of benefit as well as restraint.

The leading case in Ohio is that of **Pritze v. Messer, 112 Oh St 629.** In that case the defendant, Messer, applied to the building commissioner of the City of Cincinnati, after hours on March 31, 1924, for a building permit to build a one hundred room apartment building which was to be ten stories high; the building to be located at Mitchell Avenue and Reading Road in said city. On April 1st, effective May 4, 1924, the City Council of Cincinnati passed a zoning ordi-

nance. It was conceded that if the zoning ordinance was valid the building could not be erected in the district in which such lot was located. Excavations were begun and were about completed when the plaintiff brought his action to enjoin the defendant from building the apartment building, because it did not comply with the provisions of the zoning ordinance.

The defendant's contention was that the zoning ordinance was unconstitutional in that it deprived him of the full use of his property without due process, in violation of **Art. I, Sec. I and Sec. 19 of the Constitution of Ohio** and Art. XIV of the Amendments to the Constitution of the United States.

The validity of a zoning ordinance enacted by a city council is founded on **Art. XVIII, Sec. 3 of the Constitution of Ohio** and §§4366-1 to 12, inclusive, GC. Sec. 4366-8 GC provides as follows:

"Whenever the city planning commission of any municipality or any board or officer with city planning powers, whether such commission, board or officer is created under state statute or municipal charter, or the planning commission of any village appointed under the provisions of §4366-7 GC certifies to the council or other legislative body of the municipality any such plan for the districting or zoning of the municipality according to the uses of buildings and other structures and of premises, then said council or other legislative body, in the interest of the promotion of the public health, safety, convenience, comfort, prosperity or general welfare, may regulate and restrict the location of buildings and other structures and of premises to be used for trade, industry, residence or other specified uses, and for said purposes divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this section. For each of such districts regulations may be imposed designating the kinds or classes of trades, industries, residences or other purposes for which buildings or other structures or premises may be permitted to be erected, altered or used subject to special regulations."

In sustaining an injunction entered against the defendant preventing him from building the apartment house in violation of the zoning laws of the City of Cincinnati, the court held in the second paragraph of the syllabus:

"An ordinance enacted by a municipality under **Article XVIII, Section 3 of the Ohio Constitution** and under §§4366-1

to **4366-12 GC,** dividing the whole territory of the municipality into districts according to a comprehensive plan which, in the interest of the public health, public safety and public morals, regulates the uses and the location of buildings and other structures and of premises to be used for trade, industry, residence or other specific uses, the height, bulk, or location of buildings and other structures thereafter to be erected or altered, including the percentage of lot occupancy, setback building lines, and the area of yards, courts and other spaces. and for such purpose divides the city into zones or districts of such number, shape and area as are suited to carry out such purposes, and provides a method of administration therefor, and prescribes penalties for the violation of such provisions, is a valid and constitutional enactment."

The right of a city to classify its territory into use zones, under a complete zoning ordinance, must be liberally construed not only as it may affect the public health, morals, and safety, but also as such classifications are deemed necessary in promoting the public convenience, comfort, prosperity and general welfare and in giving consideration to these questions the council may be motivated in part at least by esthetic considerations. There certainly is no difference in principle in prohibiting an apartment house from being built in a single residence zone than that of excluding billboards or wall boards from the retail store district.

See Murphy Inc. v. Westport, 131 Conn. 292. '

Outdoor Advertising is a business that is subject to classification as is all other commercial enterprises. In the case of Euclid v. Ambler, 272 U. S. 365, the court sustained a zoning ordinance which prohibited billboards from four of the six use districts in the city.

See also: **State ex rel v. Hauser, 17 Oh Ap 4.**

It must be noted that the zoning ordinance here being considered does not prohibit plaintiff from conducting its business in that portion of the city designated as U4 district. The ordinance in part provides:

"Section 3-3:

Class U3 uses: (local retail store)

(1) Bank, Office, Studio. Telephone exchange. Wholesale sales office or sample room. Gasoline and oil filling station. Battery or tire service station. Ice Delivery station. Retail greenhouse or nursery.

(2) Retail trade or shop for custom work or the making of articles to be sold at retail on the premises. Restaurant, Theater, Moving Picture Show, Bowling Alley. Miniature Golf or similar minor amusement enterprise. Any wholesale or retail sales use not included in any other class, provided such use is not noxious or offensive by the reason of the emission of odor, dust, smoke gas or noise.

Section 3-4:

Class U4 uses: (Commercial)

(1) Billboard or advertising sign.

(2) Skating rink or dance hall if operated as a business for purposes of private profit. * * *

Section 6. Local Retail Store District. * * *

(b) An accessory use customarily incident to a Class U3 use shall also be permitted in a Class U3 district provided such accessory use is located upon the same lot with the building or use to which it is accessory. A private garage permitted as an accessory use in a U3 district may have 200 square feet floor area for each family occupying or permitted to occupy the premises. Mechanical power in excess of 3 H. P. employed in the operation of any machine, shall not be permitted as an accessory use. The killing, dressing or live storage of poultry shall not be permitted as an accessory use. A class U6 or U7 use shall not be permitted as an accessory use."

* * *"

We conclude, therefore, in line with the foregoing authorities, that the plaintiff has failed to show by the proper degree of proof that the provisions of Section 3-3; Class U3 uses for local retail stores which excludes billboards and advertising boards, except such as constitute an accessory use, is unconstitutional and void.

The briefs of plaintiff seem to indicate that some of plaintiff's boards were in a Class U4 use district although the record is not clear on this point. As to such boards, if they meet the requirements of the building code, as to materials used and construction, then the plaintiff would have a clear right to a permit for their continued use. An application for a permit for such boards should be made, and if refused and subsequent procedure providing for appeal is utilized without avail, an action in mandamus would be proper to protect the plaintiff's rights thereto.

Decree for defendants. Exceptions. Order see journal.

McNAMEE, J, HURD, J, concur.