CURTISS, Plaintiff-Appellee, v. CLEVELAND (City) et, Defendants-Appellants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23398, 23436. Decided November 23, 1955.

McCreary, Hinslea & Ray, for plaintiff-appellee.

Ralph S. Locher, Dir. of Law, John Dolan, Asst., James Metzenbaum, for defendants-appellants.

Hubert B. Fuller, Abraham Kollin, Walter & Haverfield, Robert Merkle, for defendants-appellees.

## OPINION

By SKEEL, J:

Two appeals are here considered from a single judgment and decree of the Common Pleas Court entered in the above entitled case, whereby the City of Cleveland was enjoined from enforcing the amended provisions of its zoning ordinance as it affected the use of the plaintiff's property and that of some of the cross-petitioning defendants located

on Lake Shore Boulevard between the intersections of Nottingham Road and Windward Road in said city.

The first appeal is on questions of law. The appellants seek a reversal of the judgment appealed from for the reason that the plaintiff and cross-petitioning defendants did not seek relief through legislative or by administrative procedure before filing this case. The second appeal is on law and fact filed by the City of Cleveland. Such appeal, which constitutes a trial de novo of the issues in this Court, was presented by stipulations as to the evidence, the briefs and arguments of counsel.

The plaintiffs and cross-petitioning defendants, who by cross-petition join in requesting the relief prayed for by the plaintiff, are owners of property fronting on Lake Shore Boulevard, located between the intersection of Lake Shore Boulevard with Nottingham Road on the west and Windward Road on the East.

The original comprehensive zoning ordinance of the City of Cleveland was passed in 1929. By such ordinance, the property fronting on Lake Shore Boulevard between said intersections was zoned for retail business. The City Council in April, 1945, by the procedure provided in the zoning ordinance and the City Charter, amended the zoning ordinance, changing the use restrictions of this frontage from a retail business classification to a residence classification, that is, multi-family dwelling purposes. Both before and after the passage of the zoning ordinance in 1929, the plaintiff and some of the cross-petitioning defendants and other owners of boulevard property within the district affected by the amendment had expended capital in developing their property for retail business purposes. As to such properties, the amendment had the effect of putting them in the class of lawful non-conforming uses and subject to the restrictions provided for such uses by the zoning ordinance.

In dealing with the appeal on questions of law, the record shows that the defendant-appellants in this appeal objected to the introduction of evidence at the beginning of the trial, claiming that the petition did not state a cause of action for failure to allege an attempt to get relief by compliance with procedural requirements of the zoning ordinance and for not having alleged an effort to secure legislative relief before filing this action.

There is some evidence that at least two of the cross-petitioning defendants who join in plaintiff's prayer sought by application to the Commissioner of Buildings of Cleveland to enlarge their facilities for the more efficient conduct of their retail businesses and were refused the right to make such improvements. There is no evidence that appeals were taken to the courts by these defendants as provided by law. There is no question, however, but that the plaintiff brought her action without seeking Legislative or Administrative relief.

The amended petition of the plaintiff as well as the cross-petition of at least one of the defendants prays for a declaratory judgment as to their rights in the use of their property and their status with respect thereto under the amendatory ordinance. It is likewise true that the prayer of the amended petition of the plaintiff and all of the cross-petitioning defendants who have joined with the plaintiff in seeking

relief, in addition to seeking a declaratory judgment as to their rights under the ordinance, charge that the amendment, as it applies to their property on Lake Shore Boulevard and as to all the Lake Shore Boulevard frontage is confiscatory and therefore unconstitutional. The plaintiff and cross-petitioning defendants do not seek relief within the terms of the amended ordinance but seek directly to destroy the enforcibility of its provisions as to their property on constitutional grounds as well as seeking a declaratory judgment as to their rights—a remedy provided by statute.

In the case of Euclid v. Ambler Realty Co., 272 U. S. 365, the action was one to enjoin the Village from enforcing the provisions of the village zoning ordinance as it applied to the Realty Company's property. In dealing with the legal question of whether or not the plaintiff, before seeking injunctive relief, was required to seek legislative relief or to seek relief as to their properties by following administrative procedure within the terms of the ordinance, said on page 386:

"A motion was made in the court below to dismiss the bill on the ground that, because complainant (appellee) had made no effort to obtain a building permit or apply to the zoning board of appeals for relief as it might have done under the terms of the ordinance, the suit was premature. The motion was properly overruled. The effect of the allegations of the bill is that the ordinance of its own force operates greatly to reduce the value of appellee's lands and destroy their marketability for industrial, commercial and residential uses; and the attack is directed, not against any specific provision or provisions, but against the ordinance as an entirety. Assuming the premises, the existence and maintenance of the ordinance, in effect, constitutes a present invasion of appellee's property rights and a threat to continue it. Under these circumstances, the equitable jurisdiction is clear. See Terrace v. Thompson, 263 U. S. 197, 215; Pierce v. Society of Sisters, 268 U. S. 510, 535."

This court has twice dealt directly with this question. In the case of **Criterion Service Inc. v. East Cleveland (City), 55 Abs 90,** this court said on page 92:

"This being an appeal on questions of law and fact, we are not concerned with the results below but must look to the issues as presented by the pleadings and the evidence introduced in this court in support of or contradicting the claims of the parties. There are two preliminary questions:

"1. Is injunction the proper remedy under the facts here presented, or is plaintiff's remedy to be found in an action in mandamus?

"2. It being admitted that the plaintiff did not follow out the provisions of the ordinances of East Cleveland, wherein upon refusal of the building department to issue permits. the applicant may take an appeal from such refusal to the board of zoning appeals and from an adverse ruling before such appeal board, a review is provided for before the City Commission, may the plaintiff seek redress in the court without first having complied with such administrative proceedings?

"Upon these two claims of defendant we hold for the plaintiff.

"It is the claim of plaintiff that the zoning ordinance is unconstitutional and void as to its application to plaintiff's business and that therefore it cannot be compelled to show an attempt to comply with the provisions of the ordinance. The cases cited by defendant are in support of circumstances where the plaintiff is seeking to compel the city to afford plaintiff the benefits of an ordinance. They are, therefore, not in point upon the issues here presented. The plaintiff may seek relief by injunction against an ordinance which he claims to be unconstitutional and void without first complying with the administrative procedure provided for by such ordinance."

In the case of **Henle v. City of Euclid et al, 97 Oh Ap 258,** this Court held in the first paragraph of the syllabus:

"1. A property owner is empowered to test by action seeking a declaratory judgment the constitutionality of the restrictions placed upon his property by a zoning ordinance."

and on page 262, the Court said:

"The plaintiff's action is for a declaratory judgment seeking to have the restrictions of the zoning ordinance of Euclid declared unconstitutional as confiscatory and unreasonable in preventing her from using her property, described in the petition, for filling station purposes and seeking a mandatory injunction compelling a permit and directing that a permit be issued for that purpose. This court held, in the case of **Criterion Service, Inc. v. City of East Cleveland, 55 Abs 90, 88 N. E. (2d),** 300, that a property owner is a proper party plaintiff in seeking injunctive relief against an ordinance affecting his property which he claims to be unconstitutional, without complying with administrative procedure provided for by such ordinance. It is also the right of plaintiff under the declaratory judgment act to prosecute this action. **(Sec. 2721.03 R. C.)"**

The appellants in this appeal put great reliance on the case of **Central Trust Co. v. Cincinnati, 62 Oh Ap 139.** The facts and the law applicable in the Central Trust case are clearly distinguishable from those in the case now being considered. The court, in its opinion, explains the difference in the elements to be found between cases where a direct attack may be made by an original action against the constitutionality of the provisions of a zoning ordinance as confiscatory or as taking the claimant's property without due process and those cases where the facts are such that a property owner, claiming hardship, must follow administrative procedure. In the Central Trust case, supra, the property involved was a single parcel located on the borderline between the residence and business zones. The plaintiff claimed that a hardship was imposed upon him (in the use of his property) by not extending the limit of the business zone to include his property. There was no attempt to claim that the ordinance in its entirety was unconstitutional. The court said on page 144:

"If the plaintiff is then relying upon the Village of Euclid v. Realty Co., supra, it must be taken for granted that it is attacking the zoning ordinance in its entirety, in that the plaintiff must assert that 'the gravamen of the bill is that the ordinance of its own force operates unconstitutionally to reduce the value of the land and destroy its

marketability, and the attack is not against specific provisions but against the ordinance in its entirety.' Certainly, this cannot be the position of the plaintiff in the instant case. If it is, then the evidence fails to sustain the application of any such sweeping charge against the ordinance in 'its entirety.' The question presented to the court appears defined on page 386 of the opinion in the Euclid case."

The facts pleaded in this action are that the amendment, the constitutionality of which is directly challenged, changes a district formerly zoned for retail business into a multi-family district, thus the property developed for business becomes a non-conforming use by which its value is almost completely destroyed. If administrative procedure is forced upon the plaintiff and cross-petitioning defendants, the administrative agencies would be called upon not to relieve from incidental hardship resulting from the amendment but in effect would be called upon to repeal the amendment as it applies to the parties complaining. This an administrative agency is without power to do. The City Council has no power to delegate legislative powers to an administrative agency.

We must conclude, therefore, that the plaintiff and the cross-petitioning defendants, joining in the same prayer for relief, by their petition and cross-petitions stated a maintainable cause of action in equity in seeking directly to enjoin the enforcement of the amended zoning ordinance of the City of Cleveland changing the zoning of their property fronting on Lake Shore Boulevard from retail business uses to multi-family dwelling uses whereby the value of their property is unlawfully destroyed. We also hold that such actions as pleaded are clearly permissible under the statute providing for a declaratory judgment of their rights under such amended ordinance. The appeal of appellants seeking to dismiss plaintiff and cross-petitioning defendants' action because legislative relief was not first sought and that the parties did not follow administrative procedure in seeking relief against the amended zoning ordinance is overruled.

There remains the appeal on questions of law and fact to determine de novo whether under the facts as shown by the evidence received and the law, the plaintiff and cross-petitioning defendants, who have joined with the plaintiff in seeking relief from the amended zoning ordinance, are entitled to an injunction as prayed for and a decree declaring their rights as to the unrestricted use of their property under such ordinance for retail business purposes.

The first claim of those seeking relief in this action is that where the city, having once fixed the use for which their property may be utilized, they have the right to rely on the continuance of such classification in expending capital for the development of their property. The case of **Clifton Hills Realty Co. v. Cincinnati, 60 Oh Ap 443** is cited. Beginning on **page 449,** the court says:

"3. Zoning ordinances are an exercise of the so-called police power and the police power has been said to be synonymous with sovereign power. Thurlow v. Massachusetts (License Cases), 46 U. S. (5 How.), 504, at 582, 12 L. Ed., 256; Mutual Loan Co. v. Martell, 222 U. S., 225, 56 L. Ed., 175, 32 S. Ct., 74. It is the power of government to enact all

manner of laws in furtherance of the public safety, health, morals, general welfare and prosperity of the body politic.

"It extends to every just object of government, but not beyond that. It does not extend to arbitrary, capricious, and unreasonable action, ostensibly taken to promote the public safety, health, morals, general welfare or prosperity, but having no reasonable relation to any of those objects.

"The original zoning ordinance involved in the case at bar was sustained because the court could not say that the professed purpose to promote the public safety, health, morals, general welfare and prosperity was unfounded and a pretense for the exercise of arbitrary power. Pritz v. Messer, supra.

"The constitutionality of every subsequent zoning ordinance must be determined by the same test. In Kennedy v. City of Evanston, 348 Ill., 426, 181 N. E. 312, the court said:

" 'If a general zoning ordinance is passed and persons buy property in a certain district, they have a right to rely upon the rule of law that the classification made in the general ordinance will not be changed unless the change is required for the public good. (Western Theological Seminary v. City of Evanston, 325 Ill. 511; Phipps v. City of Chicago, 339 Ill. 315) where the amendment of a zoning ordinance is clearly an arbitrary and unreasonable action on the part of the city council and not authorized or contemplated by the zoning statute, it is of no force and effect. Michigan-Lake Building Corp. v. Hamilton, 340 Ill. 284; Brown v. Board of Appeals, 327 Ill. 644.'

"This results, not because the city may not repeal or amend the existing ordinance, but because in enacting the new legislation it must stay within constitutional limitations which exclude arbitrary and unreasonable action as lacking due process of law. As is said in Mondou v. New York, N. H. & H. Rd. Co., 223 U. S. 1, 50, 56 L. Ed., 327, 32 S. Ct., 169, 38 L. R. A. (N. S.), 44, wherein the court quotes from Munn v. Illinois, 94 U. S. 113, 134, 24 L. Ed., 77.

" 'A person has no property, no vested interest, in any rule of the common law. That is only one of the forms of municipal law and is no more sacred than any other. Rights of property which have been created by the common law cannot be taken away without due process; but the law itself, as a rule of conduct, may be changed at the will * * * of the Legislature, unless prevented by constitutional limitations. Indeed, the great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstances.' "

We accept this as a correct statement of the law applicable to the basic facts in this case. The right to enjoin the use restriction of property by an amendatory zoning ordinance changing the use classification of the property involved from retail business to multi-family dwelling must depend upon whether such change is reasonably necessary to promote the public safety, health, morals, general welfare and prosperity of the people. This is a question which is primarily for the determination of the City Council. A court will not substitute its judgment for that of the legislature in a zoning case unless it is made clearly to appear

that the action of the legislative body was arbitrary, unreasonable and completely lacking in the fundamentals basically necessary in exercising the police power of the state to protect the public health, morals, safety, general welfare and prosperity over otherwise personal constitutional property rights.

The plaintiff's petition seeks relief from the provisions of the amended use classification of the property on Lake Shore Boulevard only as to her holdings and those adjacent thereto. Some of the cross-petitioning defendants have broadened the scope of the proceeding by seeking relief from such provisions for all the Lake Shore Boulevard frontage amended by the ordinance. Except for the devedopment between Windward and Schenely Roads, most of the retail business in this neighborhood is to be found in that section of Lake Shore Boulevard between the intersection of Marcella and Neff Roads as alleged in plaintiff's petition. In fact, except for the property of the cross-petitioning defendant, The Kangesser Company, all of the property of the parties seeking relief by this action is found between such intersections.

The evidence shows that the greater part of the development of this section of Lake Shore Boulevard, and the property to the north, extending to the Lake, and to the south and southeast as far as East 185th Street, took place long before the amended zoning ordinance was passed in April of 1945. The property on the lateral streets, leading from the Boulevard, was improved for residence purposes while a number of retail establishments were built on the Boulevard, much of such development taking place prior to the passage of the original zoning ordinance of 1929. The retail commercial buildings built after 1929 included that of the plaintiff, and three other cross-petitioning defendants. At the time the amended ordinance of 1945 was passed about sixty per cent of the frontage on Lake Shore Boulevard was either vacant or was used for residence purposes. At that time the lateral streets were almost completely developed. It is also true that the retail business area on East 185th Street in the immediate neighborhood was fully developed during the period prior to 1945 while most of the lots on Lake Shore Boulevard remained undeveloped.

The evidence shows that the former trend of community development, whereby main thoroughfares were used for retail purposes, and the lateral streets used for residence purposes, has completely fallen into disuse. The modern trend is toward the development of marketing and shopping centers where adequate off-street automobile parking can be provided to the greater safety and convenience of the public. There is substantial evidence in the record that the vacant lots on Lake Shore Boulevard, which are in part the subject of this action, are narrow and shallow and not suited to provide sufficient off-street parking necessary for the safe operation of any retail business and that any use for which such vacant property can be used was described by a number of the expert witnesses as "secondary."

At least as to the vacant land and that upon which only temporary commercial buildings have been erected in the territory involved, the ordinance cannot be said to be confiscatory in nature, and, therefore,

unconstitutional. The judgment of the City Council that the public health, safety, morals, welfare and prosperity required the rezoning of this property must be sustained as a reasonable exercise of the power vested in the Council. Shepard v. Village of Skaneateles, 300 N. Y. 115; Cleveland Trust Co. v. Village of Brooklyn, 92 Oh Ap 351.

It is claimed by the plaintiff and cross-petitioning defendants that a different question is presented as to those properties which were improved for retail commercial enterprises under the authority of the zoning ordinance prior to the amendment of April 1945. These property owners have expended substantial capital in the improvement of their properties under the protection of the zoning ordinance then in effect and until the amendatory ordinance was passed, they were in full compliance with its provisions. Their businesses were not, when established, injurious to the public health, safety, morals, welfare and prosperity of the community. By the passage of the amendatory ordinance, these properties became lawful non-conforming uses and subject to the limitations applicable to such use as is provided by the zoning ordinance of Cleveland.

It should be noted that when the amendatory ordinance of April 1945 was first presented to the Council, it was drafted in such a way as not to change the zoning where a substantial number of the business structures had been erected. The frontage not affected was the southside of the boulevard from Marcella to Bazel Roads and on the north and south side of the boulevard from Schenely to Windward Roads. Even as first proposed, a number of substantial retail business establishments would become non-conforming uses.

There is much evidence as to the loss in value of the properties now substantially developed for retail business in the district under consideration. To change a property from a conforming to a non-conforming use after it is improved for retail business will, as a matter of course, destroy the greater part of its value. Such a change would be far more destructive of the value of improved property than would be the case with regard to vacant land. Having declared that as to the vacant land the change of its classification use to multi-family dwelling was within the power of the City Council of Cleveland in the exercise of the police power, the basis on which a finding that as to the improved property in the same district such change is confiscatory and, therefore, unconstitutional, must be founded first on the premises of whether or not a greater part of its value is destroyed in becoming a non-conforming use and second, whether or not such change has any reasonable relationship to and is necessary for the protection of the health, morals, safety and the general welfare of the people. These questions must be decided on the evidence presented on these issues.

In the case of Quilici v. Village of Mount Prospect, 399 Ill. 418, 78 N. E. (2d) 240, the Village Council changed the zoning of plaintiff's property from commercial to residence purposes. The lot in question was vacant land on a main highway and in part on a railroad with no development within the immediate vicinity. The court found that the only purpose accomplished by the amendment was the reduction in value of plaintiff's property and that such change, under the circum-

stance, bore no relation to the health, safety, morals, and general welfare of the people. The court on page 244 (78 N. E. 2d) said:

"Under the facts in this case, the rezoning of the property of the plaintiff's reduced its value to such an extent that the restriction comes within the constitutional inhibition against taking private property for public use without just compensation. Upon the basis of the record here, we can see no relaton to the public health, safety, morals or public welfare."

In the case of Offner Electronics, Inc. v. Gerhardt, 398 Ill. 265, 76 N. E. (2d) 27, the facts were somewhat similar to those in the instant case. The plaintiff owned property zoned for industrial use which had been partly improved for that purpose by the erection of a substantial building. It was thereafter zoned for two-family residences. The plaintiff filed application to enlarge its commercial building which was refused because of the zoning amendment. The action was in mandamus to compel the building commissioner to issue a permit for the improvement. The Supreme Court, in reversing the trial court's judgment for the defendant and ordering the issuance of the building permit, said as reported in headnotes Nos. 4, 6, 9, 10 and 11 of the North Eastern Reporter:

"4. A zoning ordinance may be valid in its general aspects and so unreasonable as to a particular parcel of real estate as to result in confiscation.

"6. Where street on which plaintiff's electronic machine plant was located was a streetcar line street with heavy traffic, many vacant lots, numerous commercial buildings, and relatively few residences, and there was testimony that property was more valuable for commercial than for duplex residence purposes, rezoning ordinance changing classification of area from commercial use to duplex residence use was arbitrary and unreasonable as applied to prevent enlargement of plaintiff's plant by extending existing one-story building back toward alley.

"9. Power of city council to amend zoning ordinance is not unfettered and can be exercised only when public good demands that an amendment be made.

"10. A rezoning ordinance, rezoning commercial zone as a residence zone merely because certain parties so desire, is unreasonable and arbitrary and invades property rights of purchasers of property in reliance on prior zoning ordinance.

"11. In determining whether invasion of property rights by zoning ordinance is unreasonable and confiscatory, degree in which values incident to property are diminished by restrictions of ordinance must be considered in connection with facts in particular case."

The evidence, including Defendants' Exhibit No. K, which is a map showing the uses to which the frontage of Lake Shore Boulevard, between Windward and Nottingham Roads is devoted, and the pictures introduced of many of the business establishments, depicted two areas of retail business development in the district where at least seventy-five percent of the frontage is devoted to such use. These sections of the Boulevard are shown by the evidence as being well established for

510

retail business purposes. Are these business establishments occupying one third of the frontage involved by the amended zoning ordinance to be legislated into the hazard of substantial destruction, if because of becoming a non-conforming use, they cannot meet the necessity of physical modernization for the economical operation of their establishments?

A zoning ordinance by amendment cannot disregard the real character of a neighborhood at least to the extent of its development under its provisions in effect prior to the amendment. To that extent, to change the permitted use to a higher bracket where the evidence shows that in so doing the greater part of the value of the property improved for retail business is destroyed, constitutes an unconstitutional taking of property without due process of law.

For the foregoing reasons, a decree may be entered enjoining the defendant, The City of Cleveland, from enforcing the amended zoning ordinance as to those properties fronting on Lake Shore Boulevard between Windward and Nottingham Roads that have been substantially improved for retail purposes as provided by the zoning ordinance prior to the amendment of April 1945.

Exceptions noted. Order see journal.

KOVACHY, PJ, HURD, J, concur.