GREBOW *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 277, September Term, 1957.]

334

*Decided June 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Martin Beerman* for the appellant.

*Shirley Brannock Jones, Assistant City Solicitor of Baltimore,* with whom were *Thomas N. Biddison, City Solicitor,* and *Hugo A. Ricciuti, Deputy City Solicitor,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This case presents a narrow question of statutory construction. The Board of Municipal and Zoning Appeals of Baltimore City denied an application of the appellant for permission to retain two non-illuminated advertising signs painted on the side brick wall of his building at 2242 Druid Hill Avenue, which constituted a non-conforming use in a residential district. He applied to the Zoning Commissioner for such permission, after he received notice to remove the painted signs from the surface of the wall. The decision was affirmed on appeal to the Baltimore City Court. The basis of the Board's decision was that the signs fell within the terms of the Baltimore City Ordinance No. 711, sec. 13 (d), which provides: "Billboards and poster boards situated in Residential and Office Use Districts and Residential Use Districts shall be removed by April 5, 1955 * * *."

The appellant contends that the language of the Ordinance is so clear as to leave no room for construction. The term "billboard" is in common use, and has been judicially defined as "an erection annexed to the land in the nature of a fence for the purpose of posting advertising, bills, and posters * * *." *Cochrane v. McDermott Advertising Agency,* 60 So. 421 (Ala. App.); *Randall v. Atlanta Advertising Service,* 125 S. E. 462, 463 (Ga.). It has also been said that " 'poster boards' * * * are thin walls or screens having a

sheet iron surface over a wooden framework with supports set in the ground." *General Outdoor Adv. Co. v. Department of Public Wks.,* 193 N. E. 799, 809 (Mass.). Neither definition would seem to be broad enough to include an advertising sign which is simply painted upon the wall of a building without any structural support that could properly be described as a "board". There was also uncontradicted testimony in the instant case that the terms "billboard" and "poster board" are known in the trade as structures erected for the sole purpose of displaying paper posters pasted thereon. Ordinarily, billboard operators do not employ sign painters. In other jurisdictions having ordinances aimed at the removal of outdoor advertising, such ordinances are usually more comprehensive, and include the words "sign or other advertising device", "advertising sign", or "other advertising surface". Cf. *Murphy v. Town of Westport,* 40 A. 2d 177 (Conn.), and *Criterion Service v. City of East Cleveland,* 88 N. E. 2d 300 (Ohio), app. dism., 89 N. E. 2d 475. And see notes, 72 A. L. R. 453, and 156 A. L. R. 581. In the recent case of *Grant v. City of Baltimore,* 212 Md. 301, we sustained the constitutionality of the Ordinance now before us, but the question of the extent of its application was not presented or considered. However, we pointed out (p. 305) that the previous Ordinance No. 1101, adopted in 1950, had referred to "all outdoor advertising structures", but that this was "narrowed" in the 1953 Ordinance No. 711, Sec. 13(d). We also held (p. 323) that there was "a clear basis for classifying billboards separate and apart from other signs and other advertising."

It is true that we also said (p. 323) that: "The report of the Planning Commission to the City Council put billboards in a separate category for several reasons and recommended the continuance of other signs and other forms of advertising, because they were felt to be truly accessory to the buildings or other nonconforming uses which would be permitted to continue, and the Council agreed. Billboards are not accessory uses. There is no need to refer again to their many objectionable features." In the instant case, it is not contended that the two signs in question are accessory to the

building or its use. One of the signs advertises a wine, not sold in the grocery store or the two beauty parlors on the premises, another advertises an insurance business not conducted on the premises. But we think the passage quoted does not support the argument that the legislative ·intent was to include all advertising signs except where accessory to a building or its use. If that was the legislative intent, it was not expressed in apt language. We find no basis for expanding the words used to include other signs not fairly within their plain meaning. It is unnecessary to discuss the other points raised by the appellant.

*Judgment reversed, with costs.*