**MAHRT et, Plaintiffs-Appellants, v. FIRST CHURCH OF CHRIST, SCIENTIST, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2358. Decided April 25, 1956.

Louis R. Mahrt, Turner & Wells, Dayton, By Guy H. Wells, of Counsel, for plaintiffs-appellants.

Mason Douglass, Harold F. Demann, Dayton, for defendant-appellee.

(CONN and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By CONN, J.

This is an appeal on law and fact from the judgment of the common pleas court entered in favor of the defendant and against the plaintiffs.

By stipulation of the parties, the cause was submitted in this court on the original papers, transcript of the docket and journal entries,

transcript of the testimony, exhibits, oral arguments and briefs of counsel.

This action is brought by plaintiffs to enjoin defendant from using a portion of its property, being a vacant lot lying adjacent to the rear of the lot in which the defendant has constructed and has maintained a church edifice for a period of many years, as a parking lot.

The plaintiffs are several owners of properties in the same neighborhood in which the property of the defendant is located, and in which they respectively reside; the several properties of plaintiffs constitute a high-class residential district and, pursuant to the terms of the zoning ordinance of the City of Dayton, as amended, said district is identified upon the zoning map of said city as a Residence "A" area.

The issues material here are raised on the petition of plaintiffs, as amended, and the answer of defendant.

Plaintiffs alleged in their petition that the deeds of conveyance, in the chain of title of said property owned by the defendant, contain restrictions limiting the use of said property primarily to residential purposes and that the establishment of said parking area would violate the restrictions in said deeds and prejudicially affect the high quality of plaintiffs' properties in said Residence "A" area and impair the value of the several residential properties of plaintiffs.

It is also contended that the establishment of a parking lot on defendant's property does violence to the terms and provisions of said zoning ordinance, for the reason that said ordinance makes no provision for parking passenger vehicles upon the private property of defendant, by those attending church gatherings, nor does it provide that the parking of automobiles to be appurtenant to the church use permitted in Residence "A" areas.

It is further alleged that the Appeals Board is not authorized by the terms of said zoning ordinance to permit the establishment and maintenance of the proposed parking lot. It is also alleged that the defendant had made four several applications to the City Plan Board of Appeals for permission to use said vacant lot in the rear of the Church, as a parking lot for use of its members, pursuant to the provisions of the Zoning Ordinance; that said Board of Appeals in three instances rejected the application; that in the last instance, said Board, on August 17, 1953, sustained defendant's application, contrary to the rights of the plaintiffs.

In the amendment to plaintiffs' petition, it is alleged that the action of the Board was arbitrary and capricious; that no notice was given to adjacent property owners of the hearing August 17, 1953; that said action of the Board did not constitute a rehearing, as only three members of the Board were present and participated; and that the Board was without jurisdiction to hear the said application of defendant. It should be noted that the foregoing recital of the allegations in plaintiffs' petition, as amended, are greatly abridged.

The answer of defendant admits that certain restrictions are contained in the title deeds to its property and also the several provisions of the zoning ordinance, as alleged in plaintiffs' petition, but denies the legal effect of same; also admits that the City Plan Board of Appeals

granted said application of defendant for a permit for use of said vacant lot as a parking lot, but denies that the granting of the application was contrary to the rights of plaintiffs.

In the second, third and fourth defenses, respectively, the defendant sets forth in detail the proposed manner of preparing said lot for parking purposes and its subsequent use; that the establishment of said parking lot is permitted by the zoning ordinance of the City of Dayton, particularly by sub-paragraphs 2 and 10 of Section 211 of said ordinance; and that said sub-paragraph 9 of Section 225-32 (a) provides that where the strict application of said ordinance would result in undue hardship, or where there is reasonable doubt as to any provisions of the ordinance, the Board may modify such strict application so as to relieve such hardship, provided such modification shall harmonize with the general purpose and intent of the ordinance.

Briefly stated, plaintiffs contend that the City Plan Board of Appeals did not have the power to permit restricted parking, as requested by defendant, under the provisions of Section 225-32 (c) 15; nor authority to grant same as an accessory use under Section 211-10 (a) to (g), inclusive, and that the action of said Board in granting the application of defendant was irregular, arbitrary and unlawful. Furthermore, that the deed restrictions are general in character and establish a plan for an exclusive residence district and that said restrictions prohibit the use of defendant's lot for automobile parking. Also, that the denial of the proposed parking usage will not impose a hardship on defendant.

On the other hand, defendant claims the Board of Appeals had jurisdiction to grant the right to use the lot in the rear of its Church edifice as an accessory use, pursuant to the terms of paragraph 10 of Section 211 of the zoning ordinance.

Moreover, defendant contends that the Board of Appeals had discretionary power to permit the use of said lot of defendant for restricted automobile parking, for the further reason that the Board of Appeals was not required to make a strict application of the provisions of Section 225-32 of the zoning ordinance, in view of the provisions of paragraph No. 9 thereof, authorizing the Board of Appeals, in the exercise of sound discretion, to alleviate undue hardship in the instant case.

The well-considered and exhaustive opinion of Judge Martin, of the common pleas court, has been brought into the record of this case, and which this Court has considered in the light of the issues raised on the pleadings and the evidence.

Without further extending this memorandum, the Court concludes there should be a finding for the defendant on the basis of the reasoning and conclusion of Judge Martin.

Finding and judgment for defendant, plaintiffs' petition dismissed at plaintiffs' costs. Cause remanded to the court of common pleas.

HORNBECK, PJ, DEEDS, J, concur.