IN RE RECEIVERSHIP OF WISSER & GABLER, A PARTNERSHIP.

[Cite as In re Receivership of Wisser & Gabler, 5 Ohio St. 2d 89.]

(No. 39458—Decided February 9, 1966.)

90

*Mr. James F. DeLone, Mr. William W. Stanhope* and *Mr. John L. Yaple*, for appellants.

*Messrs. McNamara & McNamara, Mr. John J. Petro* and *Mr. David L. Barrett*, for appellees.

WASSERMAN, J.   Sections 2501.02 and 2505.21, Revised Code, are the sections of our Code which vest the Courts of Appeals in Ohio with jurisdiction to hear appeals on questions of law and fact.

Section 2501.02, Revised Code, reads in part as follows:

"* * * In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"(A) Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent, for prejudicial error committed by such lower court;

"(B) Upon an appeal on questions of law and fact the Court of Appeals, in cases arising in courts of record inferior to the Court of Appeals within the district, shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case, in the following classes of actions, seeking as a primary and paramount relief:

"* * *. [Ten classes of actions, all equitable in nature,

are then listed from which an appeal on questions of law and fact may be taken.]''

Section 2505.21, Revised Code, reads in part as follows:

''An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts *de novo* which shall be upon the same or amended pleadings. The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court.''

The 1944 amendment to Section 6, Article IV of the Ohio Constitution, under which the above statutes were passed, reads in part:

''The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * *.''

Ever since the statutes in question were made a part of Ohio law, a continuing argument has existed as to their validity and constitutionality.

We are now asked to determine whether Sections 2501.02 and 2505.21, Revised Code, are constitutional enactments of the General Assembly. A complete reiteration of the historical development of Section 6, Article IV of the Ohio Constitution, including the various amendments and proposed changes, would serve no purpose here. A detailed and enlightening discussion of such developments is in *Weiss* v. *Kearns*, 117 Ohio App. 393.

The argument against constitutionality of the statutes in question rests on a historical analysis of the words, ''review, affirm, modify, set aside or reverse.'' It is argued that these words as used prior to the 1944 amendment to our Constitution refer only to ''error proceedings,'' *i. e.*, appeals on questions of law. See Skeel's Ohio Appellate Law, 1964 Cumulative Service 24 *et seq.*, Section 200-1; also, Some Aspects of Appellate Procedure in Ohio, 12 Western Reserve Law Review 645.

It is elementary that a statute must be accorded the presumption of constitutionality. With this thought foremost in mind, we will proceed,

In the last analysis, the question now before us must be decided according to what was *logically* intended by those responsible for the drafting and passage of the amendment in question. As to what was *actually* intended we cannot say without reservation. Any holding by this court after some 21 years have elapsed since the inception of the amendment of 1944 must necessarily be founded on subjective reasoning.

In 1946, this court, speaking through Chief Justice Weygandt, had this to say about the 1944 amendment with which we are concerned:

"It is the contention of the defendants that the effect of this amendment is to abolish completely the jurisdiction of the Courts of Appeals except as to the enumerated original actions, and that those courts will have no appellate jurisdiction unless and until provision therefor is made by legislative enactment by the General Assembly of Ohio.

"To so construe the amendment would imply an intention on the part of its proponents to precipitate chaos in the appellate courts of this state at a time when there could be no relief therefrom unless the General Assembly might see fit to take action. There would be no possibility of taking a case from the trial court to either the Court of Appeals or this court. It seems highly improbable that so fantastic a result was intended; and a careful study of the amendment in its entirety, as there must be, so discloses. The expressed intention is to accomplish the simple result of empowering the General Assembly to change the appellate jurisdiction of the Courts of Appeals if it should desire so to do; and unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted. Apparently this was the construction likewise placed upon this language by the General Assembly itself when by its joint resolution it submitted the amendment to the people more than two years ago, because no legislative action has been taken in the meantime with reference thereto. Then, too, the sponsors of the amendment issued a statement to the people explaining, as quoted in the briefs, that 'this amendment does not eliminate the trial *de novo.*'" *Youngstown Municipal Ry. Co.* v. *City of Youngstown*, 147 Ohio St. 221. See, also, *Schotten-*

*stein* v. *Newburger*, 148 Ohio St. 71; *Westerhaus* v. *City of Cincinnati*, 165 Ohio St. 327; *Price* v. *McCoy Sales & Service, Inc.*, 2 Ohio St. 2d 131.

The decision in the *Youngstown Railway case, supra*, is not determinative of the case at bar. The case did not hold, *ipso facto*, that the Court of Appeals had retained jurisdiction of appeals on questions of law and fact. Neither did it hold that the Court of Appeals had lost that jurisdiction.

It is the hope of this court that what was intended by the proponents of the amendment has become a realization. The best expression of these intentions and realizations is suggested in *Weiss* v. *Kearns, supra*, when the Court of Appeals for Cuyahoga County said, at page 409:

"The statutes enacted by the General Assembly strike at the very heart of the unsatisfactory conditions that prevailed in law and fact appeals by providing that the cause in the Court of Appeals be tried on the record made in the trial court and that only such additional evidence as may be authorized by the Court of Appeals in the interest of justice may be produced in that court. These sections make a trial with witnesses testifying on the appeal impossible and require that the parties in an appeal on questions of law and fact have a full and complete trial in the original forum intended for such proceedings. Moreover, they provide for a 'review' with power to 'weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case * * *' which, in contemplation of law, is the equivalent of a trial *de novo* and brings to fruition the concept of one trial and one review."

The following language is found in 11 American Jurisprudence 676, Section 63:

"It is settled by very high authority that in placing a construction on a constitution or any clause or part thereof, a court should look to the history of the times and examine the state of things existing when the constitution was framed and adopted, in order to ascertain the prior law, the mischief, and the remedy. * * * A constitutional provision must be presumed to have been framed and adopted in the light and understanding of prior and existing laws and with reference to them. * * *"

It is our position that a holding in favor of the constitutionality of Sections 2501.02 and 2505.21, Revised Code, is consistent with the established rules for statutory and constitutional interpretation. See *Board of Elections for Franklin County* v. *State, ex rel. Schneider,* 128 Ohio St. 273. The arguments against constitutionality when based upon semantics must give way to the orderly progression of appellate procedure. We will not hold a statute unconstitutional and "precipitate chaos" in our judicial system on the ground that historically a word meant something different from what it could logically be interpreted to mean today. We must interpret the word, "review," as used in the amendment of 1944 to encompass an appellate review of chancery cases as well as actions at law.

Having concluded that Sections 2501.02 and 2505.21, Revised Code, are constitutional enactments of the General Assembly, we will now consider how this ruling affects the case at bar.

The appellant's first assignment of error alleges that the Court of Appeals erred in dismissing appellant's appeal on law and fact and retaining it on questions of law only, despite the express proviso of Section 2501.02 of the Revised Code providing for appeals on law and fact in cases dealing with "the appointment, removal, and control of trustees and receivers."

Section 2501.02, Revised Code, determines whether a case shall be heard on questions of law and fact.

The above statute lists ten classes of cases in which an appeal on questions of law and fact may be brought. The appellants insist that the instant case falls within one of those classes, and that the Court of Appeals erroneously dismissed it. With this we cannot agree. There are only two classes of cases under Section 2501.02 which could possibly encompass the issue in the instant case. They are, subsection (4), "the appointment, removal, and control of trustees and receivers," and, subsection (10), "injunction, accounting, subrogation, or interpleader." In retrospect, we see that only a case which would fall in one of the above categories would have been appealable on questions of law and fact. The exact issue in the Probate Court concerned the correctness and approval of Holcomb's final and distributive account. A careful reading and analysis of the

Ohio statutes and cases involved leaves no doubt that the question herein does not come within the meaning of Section 2501.02, Revised Code.

In the immediate action, it is clear that the *appointment* of Holcomb was not in issue. Neither was his *removal* in issue. The *control* of a receiver was not in issue since Holcomb had been removed on November 25, 1961. If the appointment, removal or control of a receiver was not in issue, then certainly an appeal on questions of law and fact under subsection (4) of Section 2501.02, Revised Code, was not proper.

Subsection (10) of Section 2501.02, Revised Code, states that, when an action involves an "injunction, accounting, subrogation, or interpleader," an appeal may be taken on questions of law and fact. The question for this court is whether the word, "accounting," as used in subsection (10), includes a settlement of the "final and distributive account" of a receiver.

It is at once apparent that subsection (10) of Section 2501.02, Revised Code, lists four equitable actions in which an appeal on questions of law and fact may be brought in a Court of Appeals. An equitable action for an "accounting" under subsection (10) certainly differs from a hearing in a Probate Court to determine the validity and accuracy of an account which has been filed under statutory demand. If the case at bar were truly an equity action, the primary relief sought would be the seeking of an "accounting" from the receiver. Such is not the case.

Section 2109.30, Revised Code, reads in part:

"Within nine months after his appointment, every executor and administrator shall render an account of his administration and shall render further accounts at least once each year thereafter. Every other *fiduciary* shall render an account of the administration of his estate or trust at least once in each two years. An account shall be rendered by any *fiduciary* at any time other than that mentioned in this section upon the order of the court either at its own instance, or upon the motion of any person interested in the estate or trust for good cause shown. Every fiduciary shall render a final account within thirty days after completing the administration of the estate

or the termination of his trust, or within such other period of time as the court may order.

"* * *

"An account showing complete administration before distribution of assets shall be designated 'final account.' An account filed subsequent to the final account and showing distribution of assets shall be designated 'account of distribution.' An account showing complete administration and distribution of assets shall be designated '*final and distributive account.*' " (Emphasis added.)

Hence, in our own immediate action, we have the filing of a "final and distributive account" as directed by the above statute. This is substantially different from an equitable action asking for an "accounting."

Any hearing for the purpose of settling an account of a receiver is completely within the jurisdiction of the Probate Court. Section 2101.24, Revised Code, reads in part:

"Except as otherwise provided by law, the Probate Court has jurisdiction:

"* * *

"(M) To direct and control the conduct of fiduciaries and settle their accounts * * *."

The only matter before the Probate Court of Ross County was whether the "final and distributive account" of Holcomb was complete and accurate. Hearings were had on the exceptions to that account. The account was approved and the receiver discharged.

It has been repeatedly held by this court and others that an appeal in such a hearing may only be had on questions of law. A hearing of this nature does not concern matters contemplated by Section 2501.02, Revised Code. See *In re Estate of Gurnea*, 111 Ohio St. 715; *Squire, Supt. of Banks,* v. *Bates,* 132 Ohio St. 161; *In re Estate of Stevenson,* 79 Ohio App. 413; *In re Estate of Stafford,* 146 Ohio St. 253.

The other assignments of error alleged by the appellants deal with strictly evidentiary matters. The Probate Court of Ross County made a thorough investigation of the alleged illegalities and irregularities.

The Court of Appeals for Ross County had this to say while affirming the Probate Court's ruling:

"Accounting, bookkeeping practice, and the responsible spectre of the bonding company are at the basis of this appeal.

"Some 25 assignments of error are asserted on behalf of Paul F. Ralston, executor of the estate of John R. Wisser, deceased, others on behalf of E. A. Moats, successor receiver, and certain others on behalf of W. E. Caldwell Company. We have examined the record and the voluminous testimony of this proceeding, and are of the opinion that there is sufficient evidence in the record to sustain the conclusions of the trial court. * * * We are of the conclusion that the receiver Holcomb paid to his creditors the assets which came to him as receiver, and that there is sufficient proof in the record to support these payments. Further, the practice of using joint checks was valid under the Ohio law in order to complete the contracts ordered finished by the Probate Court, and were a necessary method to guarantee the payment of subcontractors, laborers, and materialmen by the receiver."

This court has repeatedly held that it will not weigh evidence on an appeal to see whether the same result would obtain. *Shufelt* v. *Traver*, 173 Ohio St. 309. The evidence in this case was carefully weighed by the lower court.

We, therefore, hold that, irrespective of the reason given for dismissing this appeal on questions of law and fact and retaining the appeal as on questions of law, *i. e.*, the unconstitutionality of appeals on questions of law and fact, the judgment of the Court of Appeals is correct.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

WASSERMAN, J., of the Eighth Appellate District, sitting for MATTHIAS, J.