LINCOLN PROPERTIES, INC., APPELLANT, *v.* GOLDSLAGER, TREAS.; CITY OF WHITEHALL, APPELLEE.

(No. 68-490—Decided May 28, 1969.)

*Messrs. Chamblin, Snyder & Henry* and *Mr. Larry H. Snyder,* for appellant.

*Mr. James M. Toomey,* city solicitor, and *Mr. Robert E. Albright,* for appellee city of Whitehall.

SCHNEIDER, J. Unlike the cases of *Glass* v. *Dryden* (1969), 18 Ohio St. 2d 149, and *Schiff* v. *Columbus* (1967), 9 Ohio St. 2d 31, the plaintiff here presented sufficient evidence at the trial, if believed, to establish that the value of its real estate after the completion of the improvements, the cost of which was partially assessed against the property, was less than its value before the improvements. The

defendants presented no evidence. Nevertheless, the trial court refused the injunction.

In his opinion, the trial judge appeared to justify his decision on his conclusion that a temporary decrease in market values as a result of an improvement is not entirely decisive of the question of lack of benefit, but that prospective benefits, whose impact had not yet been reflected in market values, should be considered. Yet it was implicit, in the view of the Court of Appeals, that ''the trial court would not blindly accept such testimony of value as offered by the plaintiff.'' The Court of Appeals weighed the evidence contained in the record of the proceedings in the trial court, and accepted the testimony of value, which it had the power to do under the authority of Section 2501.02, Revised Code.[1] The defendants did not attempt to present any evidence to the Court of Appeals pursuant to Section 2505.21, Revised Code.[2]

---

[1]Section 2501.02, Revised Code, provides, in part:

''. . . In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court [of Appeals] shall have jurisdiction:

''Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent, for prejudicial error committed by such lower court;

''Upon an appeal on questions of law and fact the Court of Appeals, in cases arising in courts of record inferior to the Court of Appeals within the district, *shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case*, in the following classes of actions, seeking as a primary and paramount relief:

''. . .

''(10) Injunction, accounting, subrogation, or interpleader.

''In all cases not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only. . . .'' (Emphasis supplied.) All of the foregoing, except the first paragraph, was added in 126 Ohio Laws 56.

[2]Section 2505.21, Revised Code, provides, in part:

''An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts de novo which shall be

The sole question, therefore, is: Did the Court of Appeals err in refusing to exercise its jurisdiction, in an appeal on questions of law and fact, to substitute its judgment for that of the inferior court by granting final judgment for the plaintiff in accordance with its findings on the evidence and in remanding the case to the Court of Common Pleas? We conclude that it did so err. We reverse the judgment of the Court of Appeals and remand the cause to that court, with instructions to grant the injunction as prayed for.

In an appeal on questions of law only, where a Court of Appeals finds that the judgment under review is against the weight of the evidence (as distinguished from a finding that a judgment is unsupported by sufficient credible evidence) it is compelled by copious prior decisions of this court to remand the cause for a new trial irrespective of whether it is one in which a trial by jury is constitutionally protected (*Candela* v. *New York Central System* [1960], 171 Ohio St. 373; *State* v. *Geghan* [1957], 166 Ohio St. 188; *State* v. *Robinson* [1955], 162 Ohio St. 486; *Bishop* v. *East Ohio Gas Co.* [1944], 143 Ohio St. 541; *Nyiry* v. *Modern Brotherhood of America* [1915], 92 Ohio St. 387; *Stugard* v. *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* [1915], 92 Ohio St. 318; *Cavey* v. *Iliff* [1911], 84 Ohio St. 456; *Gay* v. *Davey* [1890], 47 Ohio St. 396; *Stivers* v. *Borden* [1870], 20 Ohio St. 232); or the right to jury trial has been waived (*State* v. *Gilkerson* [1965], 1 Ohio St. 2d 103; *Schafer* v. *Wells* [1961], 171 Ohio St. 506; *Miller* v. *Indus. Comm.* [1953], 158 Ohio St. 551; *Gardner* v. *Indus. Comm.* [1947], 148 Ohio St. 141; *Bridgeport Bank Co.* v. *Shadyside Coal Co.* [1930], 121 Ohio St. 544; *Miller* v. *J. T. Sullivan & Co.* [1875], 26 Ohio St. 639); or there is no right to a jury trial (*In re Lewis* [1966], 8 Ohio St. 2d 25 [refusal

upon the same or amended pleadings. *The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court.*" (New material added in **126 Ohio Laws 56, 58,** emphasized.)

of consent to adoption]; *In re Estate of Witteman* [1965] 3 Ohio St. 2d 66 [election of surviving spouse]; *In re Cassada* [1960], 171 Ohio St. 368 [refusal of consent to adoption]; *Bown & Sons* v. *Honabarger* [1960], 171 Ohio St. 247 [foreclosure of lien]; *In re Lieberman* [1955], 163 Ohio St. 35 [disbarment]; *Cross* v. *Ledford* [1954], 161 Ohio St. 469 [cancellation of contract]; *Trickey* v. *Trickey* [1952], 158 Ohio St. 9 [custody of child]; *Henry* v. *Henry* [1952], 157 Ohio St. 319 [alimony award]; *In re Estate of Murnan* [1949], 151 Ohio St. 529 [fiduciary fees]; *State, ex rel. Squire,* v. *Cleveland* [1948], 150 Ohio St. 303 [injunction]; *In re Estate of Johnson* [1943], 142 Ohio St. 49 [counsel fees]; *Campbell* v. *Campbell* [1934], 128 Ohio St. 590 [divorce]; *Minnear* v. *Holloway* [1897], 56 Ohio St. 148 [special proceedings in aid of execution of judgment]. But compare *Weeden* v. *Weeden* [1927], 116 Ohio St. 524 [divorce reversed but cause not remanded]).

On the other hand, even if the instant appeal had been prosecuted on questions of law only, and the Court of Appeals had found that the trial court erred solely in applying the law to facts about which there was absolutely no conflict in the evidence, the Court of Appeals would have been authorized to enter judgment for the plaintiff. *Yeoman* v. *Lasley* (1883), 40 Ohio St. 339.

We have referred to cases involving appeals on questions of law (formerly "error proceedings") to emphasize, first, what this case is not; and, second, that no reported case has been discovered in which an intermediate appellate court in Ohio (whether a Court of Appeals or Circuit Court) has similarly disposed of an appeal on questions of law and fact (formerly "appeal") after finding that the weight of the evidence required a judgment or decree contrary to that of the lower court.

Indeed, we find that the Court of Appeals, in effect, treated the instant appeal as one on questions of law, notwithstanding the plaintiff had met all the requirements for an appeal on questions of law and fact and, therefore, had perfected its valuable right to a disposition of the appeal

on that basis. See *Union Trust Co.* v. *Lessovitz* (1930), 122 Ohio St. 406, 414.[2]

Historically, the right to an appeal on questions of fact enjoyed constitutional protection (*Kiriakis* v. *Fountas* [1924], 109 Ohio St. 553) and, conceptually, "the appeal itself vacates, without revisal, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered in . . . [the Court of Appeals]. It takes up the subject of the action *de novo*, in respect to pleadings, necessary parties, trial and judgment, in like manner as if the cause had never been tried below." *Morgridge* v. *Converse* (1948), 150 Ohio St. 239, 245, quoting from *Mason* v. *Alexander* (1886), 44 Ohio St. 318, 328. See, also, *Barnes* v. *Christy* (1921), 102 Ohio St. 160, and *Toledo & Ohio Central Ry. Co.* v. *Hartford* (1920), 101 Ohio St. 520. The party interested in obtaining relief has the burden of proof, notwithstanding he is the nominal appellee. *Cupps* v. *Toledo* (1961), 172 Ohio St. 536.

The cause "no longer remains in the court below, the judgment of the court below is vacated and the whole case goes up for trial *de novo*. The appellate court has the same jurisdiction of the subject-matter of the action, of the pleadings, and the final determination of the case as the court below had." *Russell* v. *Fourth Natl. Bank* (1921), 102 Ohio St. 248, 263. The "review requires the exercise of an independent judgment of the court." *In re Joint County Ditch* (1930), 122 Ohio St. 226, 230. "[T]he Court of Appeals *must* therefore render final judgment, even though its judgment be contrary to that of the trial court."

---

[2]In that case, at page 419, appears the following enlightening comment by Judge Jones:

". . . There are many reasons why an appellant might desire his case presented and heard *de novo*. He may want to procure additional testimony . . . by the filing of depositions in the appellate court. He may desire to file amended pleadings or to make new parties in the appealed suit . . . neither of which could be done in the submission of his case on error, where the parties are confined to the record made in the trial court, which can neither be amended nor supplemented."

(Emphasis supplied.) *Bridgeport Bank Co.* v. *Shadyside Coal Co.* (1930), 121 Ohio St. 544, 548.

It is apparent that a significant number of Courts of Appeals have correctly understood this right and have given it vitality. See, for example, *Oliver* v. *All-States Freight, Inc.* (Ohio App. 1957), 156 N. E. 2d 190, 195 ("This court is a trial court, and we are called upon to determine questions of fact."); *Mahrt* v. *First Church of Christ, Scientist* (Ohio App. 1956), 142 N. E. 2d 678, 680 ("The judgment of this court . . . will not be an affirmance of the Common Pleas Court. . . . This court has heard the case *de novo* . . . and upon the whole record, has concluded there should be a finding for the defendant."); *Mogren* v. *A. P. Investment Co.* (1956), 102 Ohio App. 388 (The Court of Appeals "may consider a defense, presented in that court for the first time."); *Criterion Service, Inc.,* v. *East Cleveland* (Ohio App. 1949), 55 Ohio Law Abs. 90, 92, 88 N. E. 2d 300 ("This being an appeal on questions of law and fact we are not concerned with the results below but must look to the issues as presented by the pleadings and the evidence introduced in this court in support of or contradicting the claims of the parties."); *Rosser* v. *Rosser* (Ohio App. 1949), 55 Ohio Law Abs. 161, 162, 86 N. E. 2d 794 ("It is our obligation to determine the issues joined as if the case had originated in this court, to weigh the facts, test the credibility of the witnesses and apply the law as a trial court of first instance."); *Hagerman* v. *Dayton* (Ohio App. 1946), 65 N. E. 2d 893 ("Where appeal is on questions of law and fact, Court of Appeals has right to take testimony on any material issue, as the case is heard *de novo.*" [Headnote 5]); *Perry* v. *Wills* (Ohio App. 1931), 9 Ohio Law Abs. 613 ("As this case comes into this court on appeal, we must consider it *de novo* and weigh the evidence as a trial court.").

Recently, Justice Matthias had occasion to observe that "the trial *de novo* as it previously existed no longer prevails in Ohio." *Humphrys* v. *Putnam* (1961), 172 Ohio St. 456, 458. That observation did not refer to the 1944 amendments to former Section 6 of Article IV of the Con-

stitution, which did not vitiate the trial *de novo*, but merely removed it from constitutional protection (see *Youngstown Municipal Ry. Co.* v. *Youngstown* [1946], 147 Ohio St. 221); nor to the adoption of the new Appellate Code in 1935 (116 Ohio Laws 104), which merely substituted the designation, "appeal on questions of law and fact," for the former "appeal." See Section 2505.01(C), Revised Code, which provides: " 'Appeal on questions of law and fact' means a rehearing and retrial of a cause upon the law and the facts and is the same as an 'appeal on questions of fact.' "

Rather, the observation by Justice Matthias had reference to the statutory amendments of 1955 (126 Ohio Laws 56) to Sections 2501.02 and 2505.21, Revised Code, which appear in footnotes 1 and 2. Those enactments were probably actuated by the problems discussed in the case of *Weiss* v. *Kearns* (1963), 117 Ohio App. 393. See, also, the footnote by Chief Justice Taft in *Westerhaus Co., Inc.,* v. *Cincinnati* (1956), 165 Ohio St. 327, 333; 17 Ohio State Bar Association Report 169; 16 Ohio State Bar Association Report 32; 16 Cleveland Bar Association Journal 219. In any event, those amendments have recently received the constitutional imprimatur of this court. *In re Receivership of Wisser & Gabler* (1966), 5 Ohio St. 2d 89.

Admittedly, changes have occurred in the trial *de novo*. But the real issue is the significance and extent of the changes and their effect upon a case of this kind. It has been suggested that an appeal on the record, as here, is not the equivalent of a trial, and hence, a trial *de novo* is waived when the record is presented by an appellant in an appeal on questions of fact. *Fugate* v. *Columbus* (1963), 4 Ohio App. 2d 147.

The premise of that unfortunate statement necessarily is that a trial is an event in which the witnesses personally appear and speak, and, *a fortiori,* a trial *de novo* is a second event where the witnesses personally reappear and reaffirm or respeak their previous testimony. The premise is false. "A trial is a judicial examination of the issues, whether of law or of fact, in an action or proceed-

ing." Section 2311.01, Revised Code. See, also, "Trial," Black's Law Dictionary (Rev. 4 Ed.), 1675; and Bouvier's Law Dictionary (3 Rev.), 3320 ("in many cases it ["trial"] is . . . a judicial examination of the issues in a case . . . *Trustees of Swan Tp.* v. *McClannahan,* 53 Ohio St. 403 . . . or of the issues between the parties, whether of law or fact. . . ."). In Black's Law Dictionary (Rev. 4 Ed.), 1677, a trial *de novo* is defined as "a new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below."

Although the General Assembly, in the exercise of its plenary power over the jurisdiction of the Court of Appeals by virtue of former Section 6 of Article IV of the Constitution, removed from that conglomerate of rights comprising the appeal on questions of law and fact the right which permitted a party "to have a witness testify in the presence of the appellate court" (*Union Trust Co.* v. *Lessovitz, supra,* 122 Ohio St. 406, 419), and converted that right into a privilege within the discretion of that court, it did not extinguish the right of any party, as it might have done, "to a hearing and determination of the facts *de novo* . . . upon the same or amended pleadings" (Section 2505.21, Revised Code) or to have the Court of Appeals "weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case." (Section 2501.02, Revised Code.)

We have no difficulty in construing those words as evincing an intention to preserve the jurisdiction of the Court of Appeals to render final judgment in accordance with the law and the evidence, not as granting that court the power merely to allow a motion for a new trial on the weight of the evidence where the trial court failed so to do.

Hence, the statutory changes of 1955 have placed the Courts of Appeals, in appropriate cases, in virtually the same position as they might have been "under the old English chancery practice [where] the evidence was required to be all reduced to writing, and the chancellor refused to

hear witnesses orally" (*Minnear* v. *Holloway, supra,* 56 Ohio St. 148, 152); or in the same position as that of a trial judge when a case is presented chiefly upon depositions and other documentary evidence; or of any tribunal hearing a cause upon a record made before, and findings rendered by, a master commissioner, referee or examiner.

A trial in such form is no less a trial. Nor is it any less a trial because the court is required to read the record as if the witnesses are speaking with their own lips and determine the facts as if in the first instance. Whether a determination so made is more or less conducive to the truth is not an appropriate inquiry in this case. But see Blatt, "He Saw the Witnesses," 38 Journal of American Judicature Society 86; Forkosch, Credibility Gap in Judicial Review of Administrative Determinations, 18 Cleveland-Marshall L. Rev. 257.

To summarize, plaintiff here had the right to an independent determination of the facts by the Court of Appeals, and to a final judgment in accordance with that determination. The defendant city, in turn, had a right to present its evidence in the Court of Common Pleas, which it failed to do. It had a further right, in the interest of justice, to appeal to the discretion of the Court of Appeals to present its evidence for the first time in that court "in the manner and form prescribed" by that court, which right it failed to assert or claim. It had a right to one trial, and one trial *de novo*. See *In re Receivership of Wisser & Gabler, supra* (5 Ohio St. 2d 89, 94), quoting from *Weiss* v. *Kearns, supra* (117 Ohio App. 393, 409). It had no right to a third trial in the Court of Common Pleas.

The Court of Appeals was without power to order a third trial in the lower court or to appoint the Court of Common Pleas as its master commissioner. Under the circumstances, the Court of Appeals had power only to enter final judgment for the plaintiff in accordance with its findings, which we herewith direct it to do.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and DUNCAN, JJ., concur.