GRAY DRUG STORES, APPELLEE, *v.* FOTO FAIR
INTERNATIONAL, INC., APPELLEES.

(No. 750—Decided December 8, 1971.)

*Messrs. Drake, Phillips, Goetz & Kuenzli, Mr. Russell
E. Rakestraw* and *Mr. John C. Thorne, Jr.,* for appellant.
*Messrs. Jones, Day, Cockley & Reavis, Messrs. Kus-
worm & Myers* and *Mr. John C. Firmin,* for appellees.

POTTER, J.   This is a *de novo* appeal—having been filed
prior to the effective date of Rule 2, Ohio Rules of Appel-
late Procedure—from a judgment of the Common Pleas
Court of Hancock County, Ohio. The cause was considered
on the pleadings which consisted of plaintiff's petition,
praying for injunctive relief, the answer of defendant
Findlay Center, Inc., in the nature of a general denial, and
on all the evidence adduced in the trial court. Defendant
Progressive Industries Corporation was dismissed with-
out objection in the common pleas court. The defendant,
Foto Fair International, Inc., did not appeal from the
judgment. Plaintiff filed a motion in this court to join
new parties defendant; namely, M. H. Andur and 95 other
assignees or grantees of Findlay Center, Inc. This motion
was overruled.

The cause requires the interpretation of a lease dated

August 10, 1961, wherein plaintiff is the lessee and defendant, Findlay Center, Inc., the lessor. Defendant was the developer of the Findlay Shopping Center. The lease was entered into before construction. On November 4, 1969, such defendant entered into a lease with Foto Fair International, Inc., for the construction of a "kiosk" to sell and receive for development, photographic film. The kiosk, a prefabricated carousel-style drive-in structure, was placed in the shopping center on an area designated, striped, and used for parking. Plaintiff asserted that defendant violated its right in the parking areas as set forth in its lease. The pertinent portions of the lease are as follows:

"Construction 2. As part of the consideration and inducement for this lease and the rent to be paid hereunder, the Landlord agrees to do the following prior to the date on which possession of the premises is given to Tenant:

"* * * *.

"B. Construct paved ('black top') parking areas where shown on Exhibit A. The ratio of said paved parking area to the floor area of the buildings in the Shopping Center shall be at least 3 to 1, i. e. there shall be at least 3 square feet of paved parking area to each square foot of floor area. Construct paved ('black top') truck areas for delivery purposes where indicated on Exhibit A. Said parking areas are to be substantially completed and ready for use not later than the date when Tenant's first rental is due and payable and shall be for the use of Tenant and its customers and employees, in common with others having similar rights, without expense to the users thereof.

"* * *.

"Parking 9. Landlord hereby gives and grants unto Tenant an easement, in common with other tenants in said Shopping Center, in said parking areas, concourse, truck areas and cruising lanes, as well as in all sidewalks in said Shopping Center, for ingress and egress to and from the premises and for free parking; the same to be used by Tenant, its invitees and customers, together with and subject to the same rights granted from time to time to other of Land-

lord's tenants. Said easement shall exist only for the term and extended term or terms, if any, of this lease unless this lease is sooner terminated. Said parking areas, concourse, truck areas and cruising lanes shall not be fenced or obstructed by any building or other structure or otherwise obstructed or reduced in size except for such future additions to buildings and the "Future Building" as shown on Exhibit A, and shall be kept open for use without expense of any nature to the Tenant and other users thereof as intended herein."

Although we are to proceed as if there had been no trial in the court below (see *Lincoln Properties* v. *Goldslager* [1969], 18 Ohio St. 2d 154), we note that a temporary injunction was granted by the lower court prohibting the completion of the construction of the kiosk. After a trial on the merits, a permanent injunction was issued enjoining defendants Foto Fair International, Inc., and Findlay Center, Inc., from erecting, occupying, operating, or maintaining any building or structure other than those in existence on February 1, 1970, located on any portion of the parking areas and defendant was ordered to do all things necessary to rescind any and all agreements with respect to the construction or erection of a building or of a structure not in existence on February 1, 1970, in the proscribed areas.

This court holds that there is no conflict between paragraph 2B and paragraph 9. Paragraph 2B is applicable to defendant's precompletion obligations and is not a grant of a right to defendant. Paragraph 9, by position in the lease and content, supports plaintiff's position and warrants the injunctive relief sought. Exhibit A and the architect's note thereon does not conflict with this holding. Defendant's affirmative defenses argued in the brief were not pleaded and are not at issue. The lower court's memorandum opinion is detailed and well-reasoned. It is incorporated herein. Although from other jurisdictions, the following cases also support plaintiff's position: *125 Hempstead Turnpike Corp.* v. *Tracco Hempstead, Inc.* (1958), 177 N. Y. S. 2d 778; *The Fair* v. *Evergreen Park Shop-*

*ping Plaza* (1955), 4 Ill. App. 2d 454, 124 N. E. 2d 649; *Food Fair Stores, Inc.,* v. *Jackson Heights Shopping Center, Inc.,* 284 N. Y. S. 2d 814 (affirmed 285 N. Y. S. 2d 1009); *Maryland Trust Co.* v. *Tulip Realty Co.* (1958), 220 Md. 399, 153 A. 2d 275; *Rainbow Shop Patchogue Corp.* v. *Roosevelt Nassau Operating Corp.* (1969), 304 N. Y. S. 2d 92 (affirmed 310 N. Y. S. 2d 231. Appellate Division, 1970).

Judgment is rendered for the plaintiff and defendant Findlay Center, Inc., and its successors and assigns are permanently enjoined from erecting, occupying, operating, or maintaining any building or structure other than those in existence on February 1, 1970, located on any portion of the parking areas, concourses or cruising lanes at the Findlay Shopping Center, as described in the lease between Gray Drug Stores, Inc., and Findlay Center, Inc., dated August 10, 1961, during the term of said lease or any extended term or terms thereof; and defendant is ordered to do all things necessary to rescind any and all agreements with respect to the construction or erection of a building, or of a structure thereon not in existence on February 1, 1970, and to remove such structure or portions thereof from said parking areas, concourses, or cruising lanes during the term of Gray Drug Stores, Inc.'s lease or any extended term or terms thereof.

It is further ordered that the costs of this action are assessed against defendant.

*Judgment accordingly.*

YOUNGER, P. J., and GUERNSEY, J., concur.

POTTER, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.