OPINION
{¶ 1} Appellants, city of Wadsworth, Wadsworth City Council, President of City Council Jim Renacci, and Clerk of Counsel Kathy Stugmyer ("appellants"), appeal from the decision of the Medina County Court of Common Pleas, which rendered judgment in favor of appellees, Amy Engelskirger, Karl Engelskirger, Charles Cartledge, and Doug Cartledge ("appellees"). This court reverses judgment in favor of appellants.
 I. {¶ 2} On September 4, 2001, Wadsworth City Ordinance 01-083 was adopted, which included two sections that established the following: airport maintenance fees applicable to users of the airport property that have an aircraft based at the airport property or elsewhere in the city of Wadsworth for more than thirty days, and collection of unpaid fees, with aircraft prohibited from using the airport until users paid their fees owed to the airport. On September 18, 2002, Wadsworth City Ordinance 01-115 was adopted, which amended a section of Wadsworth City Ordinance 01-083 by adding an additional weight class to its aircraft fee scale.
 {¶ 3} On September 27, 2001, appellees filed a taxpayer's complaint against appellants, seeking injunctive relief and a declaratory judgment that Wadsworth City Ordinances 01-083 and 01-115 violated a statutory provision and were unconstitutional. Appellants filed their answer, seeking a declaratory judgment that the ordinances did not violate a statutory provision and were constitutional. The parties filed joint stipulations of facts, a joint stipulation as to city council minutes, and briefs on the issues of law.
 {¶ 4} On March 8, 2002, the trial court filed a judgment entry with findings of fact based on the joint stipulations of the parties. In its judgment entry, the trial court held that the ordinances were unconstitutional and rendered judgment in favor of appellees. The March 8, 2002 judgment entry did not dispose of appellees' claim for attorney fees. Subsequently, on April 26, 2002, the trial court filed a judgment entry denying appellees' request for attorney fees.
 {¶ 5} Appellants timely appealed and set forth one assignment of error for review. Appellees filed a cross-appeal and set forth one assignment of error for review.
 {¶ 6} This court will first consider appellants' appeal.
 II ASSIGNMENT OF ERROR {¶ 7} "The trial court erred by finding city of Wadsworth Airport Maintenance Fee Ordinance provisions unconstitutional."
 {¶ 8} In their sole assignment of error, appellants argue that the trial court erred when it found the city of Wadsworth maintenance-fee ordinance unconstitutional. This court agrees.
 {¶ 9} Section 3, Article XVIII of the Ohio Constitution provides:
 {¶ 10} "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."
 {¶ 11} This court has stated:
 {¶ 12} "The test to determine when a conflict exists between a municipal ordinance and a general law of the state is 'whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.' *** In the event of a direct conflict, the state regulation prevails. Whether there is a conflict between the city's ordinance and the state's general law presents a question of law, which this Court reviews de novo." (Citations omitted.) Independence Excavating, Inc. v. Twinsburg, 9th Dist. No. 20942, 2002-Ohio-4526, at 9.
 {¶ 13} The Supreme Court of Ohio has defined a de novo standard of review as follows:
 {¶ 14} "A trial de novo is an independent judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal. Parties to an appeal on questions of law and fact are entitled to a trial de novo, and the appellate court must determine the facts and give judgment disposing of the issues of law and fact as if no trial had been had in the lower tribunal. In an appeal on questions of law and fact, a Court of Appeals is without power to remand the cause to the inferior court for further proceedings tantamount to a new trial, but is required to substitute its independent judgment for that of the inferior court and to grant final judgment in accordance with its findings on the evidence before it." Lincoln Properties v. Goldslager (1969), 18 Ohio St.2d 154, syllabus.
 {¶ 15} In the present case, there are no disputed factual issues for review as both parties have stated in their briefs that they have stipulated to all essential facts of the case and the record reflects such agreement between them. For that reason, this court focuses its review on the disputed legal issues of the case.
 {¶ 16} Wadsworth City Ordinance 01-083 imposes annual airport maintenance fees to aid in funding the operation and maintenance of the Wadsworth Municipal Airport, along with other related airport expenses. It provides that the fees "be charged to all users of the airport who have aircraft based in the City of Wadsworth. The fee shall be based on the weight of the aircraft *** [and the] fee shall apply to all users of the airport property that have an aircraft based at the airport property or elsewhere in the City of Wadsworth for more than 30 days." Section951.02 of Wadsworth City Ordinance 01-083. Wadsworth City Ordinance 01-115 later amended Section 951.02 of Wadsworth City Ordinance 01-083 by adding an additional weight class to the aircraft fee scale within the ordinance.
 {¶ 17} Appellants contend that the above ordinance provisions are constitutional. Appellants specifically state that the ordinances' differentiation of types of airport users is reasonably based and consistent with numerous other taxing measures adopted by legislative bodies throughout the United States. Appellants also state that a logical inference exists with regard to the ordinances' weight classifications for aircraft fees, since heavier aircraft clearly place a greater burden on the paved surfaces of the airport over time. Furthermore, they argue that appellees have failed to meet their burden of proof in challenging the constitutionality of Wadsworth City Ordinances 01-830 and 01-115.
 {¶ 18} Appellees argue that Wadsworth City Ordinances 01-830 and 01-115 are in conflict with R.C. 4561.11, which states that "in no case in which the department licenses or certifies an airport, landing field, or landing area constructed, maintained, or supported, in whole or in part, by public funds, under section 4561.01 to 4561.15.1 of the Revised Code, shall the public be deprived of the use thereof or its facilities for aviation purposes as fully and equally as all other parties." Appellees claim that the ordinances impose arbitrary and unequal taxes upon a select portion of the public in their use of the airport and, therefore, are unconstitutional. After careful review of the record and applicable law, this court disagrees.
 {¶ 19} The Supreme Court of Ohio addressed a constitutional challenge to a taxation statute that made a distinction between "telephone companies" and "interexchange telecommunications companies" in GTE N., Inc. v. Zaino, 96 Ohio St.3d 9, 2002-Ohio-2984. In GTE North, the Supreme Court of Ohio discussed that "[i]t is well settled that the assessment of taxes is fundamentally a legislative responsibility and that a taxpayer challenging the constitutionality of a taxation statute 'must negate every conceivable basis which might support it.'" (Citations omitted.) Id. at 21. The Supreme Court went on to note that it had previously recognized that, even if the enactment of a law results in some inequality, legislative bodies are presumed to have acted within its constitutional power. Id.
 {¶ 20} In the present case, the legislature, pursuant to Section3, Article XVIII of the Ohio Constitution and R.C. Chapter 4561, authorized the municipality of Wadsworth to enact regulations with regard to its municipal airport as long as they do not conflict with Ohio's general laws. Likewise, this court is mindful "of the fundamental principle requiring courts to presume the constitutionality" of city ordinances. Akron v. Molyneaux (2001), 144 Ohio App.3d 421, 426. Consequently, the ordinances being challenged by appellees will not be invalidated unless they establish that the ordinances are unconstitutional beyond a reasonable doubt. Id. See, also, Park Corp. v. Brook Park, 8th Dist. No. 79410, 2002-Ohio-2246.
 {¶ 21} Furthermore, as appellees argue that the ordinances at issue involve taxation, it is well settled that "taxpayer[s] challenging the constitutionality of a taxation [ordinance] 'must negate every conceivable basis which might support it.'" GTE North at 21, quoting Lyons v. Limbach (1988), 40 Ohio St.3d 92, 94. After careful review of the record and the applicable law of the case, this court finds that appellees have failed to meet their burden of proof in challenging the constitutionality of Wadsworth Ordinances 01-830 and 01-115. Appellees claim that the ordinances are unconstitutional, but they do not negate every plausible reason that might support them. Appellees complain that the ordinances create arbitrary classifications that result in unequal taxation. It is well settled that "[t]he Equal Protection Clause does not forbid classifications, it simply keeps governmental decisionmakers from treating differently persons who are, in all relevant respects, alike." Park Corp., citing Nordlinger v. Hahn (1992), 505 U.S. 1, 10,120 L.Ed.2d 1. Persons who have aircraft based at the airport property or elsewhere in the city of Wadsworth for more than 30 days and those who do not are not similarly situated.
 {¶ 22} Without appellees providing any evidence that the ordinances are unconstitutional beyond a reasonable doubt, this court finds the distinction made between users of the airport who have aircraft based in the city of Wadsworth for more than 30 days and those who do not is a logical and reasonable one. Furthermore, this court finds that the distinctions between the different weight classifications and fees are logical and reasonable as well. The ordinances are not in direct conflict with R.C. 4561.11 and, therefore, are clearly constitutional for the municipality to enforce against appellees.
 {¶ 23} Appellants' sole assignment of error is sustained.
 III CROSS-ASSIGNMENT OF ERROR {¶ 24} "The trial court abused its discretion in denying an award of attorney's fees and erred in finding there was no benefit to the general public."
 {¶ 25} In their sole cross-assignment of error, appellees argue that the trial court abused its discretion in denying an award of attorney fees and erred in finding there was no benefit to the general public.
 {¶ 26} This court's disposition with regard to appellants' assignment of error renders appellees' cross-assignment of error moot. See App.R. 12(A)(1)(c).
 IV {¶ 27} Accordingly, appellants' sole assignment of error is sustained, and appellees' sole assignment of error is rendered moot. The judgment of the trial court is reversed.
SLABY, P.J., and BATCHELDER, J., CONCUR.