OPINION
{¶ 1} The Civic Center in Canton, Ohio is owned by appellant, the city of Canton, but operated by an independent management company, SMG. SMG is responsible for securing lessees and providing necessary services for the events, including emergency services. SMG usually requests two fire prevention staff members and two paramedics per event. These individuals belong to a union, appellee, Canton Professional Firefighters Association, Local 249. They work on a volunteer basis during their off-duty hours. They do not receive overtime pay under their Collective Bargaining Agreement (hereinafter "CBA"), but are paid a flat rate.
 {¶ 2} A dispute arose about the flat rate paid to the fire prevention staff members as opposed to the paramedics. On November 10, 2004, appellee filed a grievance with appellant, claiming its members were entitled to overtime pay under the CBA. A hearing before appellant's Director of Public Safety, Bernard Hunt, was held on December 15, 2004. By decision dated January 7, 2005, Mr. Hunt denied the grievance and appellee proceeded to binding arbitration. A hearing was held on May 12, 2005. Appellee argued its members were entitled to overtime pay under Article 51 of the CBA. Appellant argued Article 51 applied to members in conjunction with their full-time job only. By decision dated August 18, 2005, the arbitrator found overtime pay applied to the members' full-time jobs, and the Civic Center work was not related to their full-time jobs; therefore, appellee's members were not entitled to overtime pay under the CBA.
 {¶ 3} On November 23, 2005, appellee filed an administrative appeal pursuant to R.C. Chapter 2711 with the Court of Common Pleas of Stark County, Ohio. By judgment entry filed January 25, 2006, the trial court vacated the arbitrator's decision, *Page 3 
finding appellee's members who volunteered for Civic Center events did so as appellant's employees and were therefore entitled to overtime pay under the CBA.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT EXCEEDED THE SCOPE OF ITS AUTHORITY IN VACATING THE ARBITRATOR'S AWARD, WHICH DREW ITS ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT."
 II {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN VACATING THE ARBITRATOR'S AWARD BASED UPON FACTS NOT SUPPORTED BY A TRANSCRIPT."
 I, II {¶ 7} Appellant claims the trial court erred in vacating the arbitrator's award. We agree.
 {¶ 8} "A reviewing court's role in evaluating an arbitration award is limited to determining whether the award is unlawful, arbitrary, or capricious and whether it draws its essence from the collective bargaining agreement. * * * For an award to draw its essence from the CBA, there must be a rational nexus between the agreement and the award.* * *"International Association of Firefighters, Local 67 v. Columbus,95 Ohio St.3d 101, 2002-Ohio-1936. (Citations omitted.) This court reviews the trial court's decision de novo. Board of Trustees of Miami Township v.Fraternal Order of Police, Ohio Labor Council, Inc. (1998),81 Ohio St.3d 269. "A trial de novo is an independent *Page 4 
judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal." Lincoln Propertiesv. Goldslager (1969), 18 Ohio St. 2d 154, paragraph one of the syllabus.
 {¶ 9} At issue is whether the CBA governs overtime pay for the fire prevention staff members and paramedics assigned to off-duty events at the Canton Civic Center.
 {¶ 10} R.C. Chapter 2711 governs arbitration. R.C. 2711.10 provides for the ability of a Court of Common Pleas to vacate an arbitration award under certain circumstances. The applicable subsection in this case is subsection (D) which states a court may vacate an award if the "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 11} In its judgment entry of January 25, 2006, the trial court found the arbitrator "exceeded his powers, or imperfectly executed his powers pursuant to the CBA and O.R.C. Chapter 2711" as appellant failed to follow Article 60 of the CBA. Article 60 governs "PREVAILING RIGHTS" and states the following:
 {¶ 12} "In the event that all rights, privileges, and working conditions enjoyed by the employees at the present time are not included in this Agreement the bargaining unit and the City agree to discuss any specific suspensions of a previous practice to determine whether it is in the spirit of the present contract."
 {¶ 13} The trial court found, "[i]n the past, the Fire Fighters were paid at overtime rates pursuant to the CBA. Canton recently began paying a rate, below the CBA overtime pay rate for working events at the center. * * * Canton made a unilateral change *Page 5 
to wages without first entering into discussions with the Fire Fighters pursuant to Article 60 of the CBA."
 {¶ 14} In his decision dated August 18, 2005, the arbitrator reviewed Articles 20, 51 and 60 of the CBA. Article 20 has to do with grievance procedures. Article 51 governs overtime and states the following in pertinent part:
 {¶ 15} "A. Any hours worked in excess of 212 hours in a 28 day cycle for which overtime has not already been paid shall be compensated at the rate of time and one-half at the forty (40) hours rate cash or compensatory time. The employee shall choose cash or compensatory time prior to the performance of work.
 {¶ 16} "B. Except as otherwise provided herein overtime shall be compensated at the rate of one and one-half (1frac;12) times an employee's hourly rate of pay based on the forty (40) hour rate."
 {¶ 17} The arbitrator interpreted the language of Article 51 to pertain "TO THE FIRE EMPLOYEES ONLY IN CONJUNCTION WITH THEIR FULL-TIME JOBS ON THE CANTON FIRE DEPARTMENT." The arbitrator concluded the following:
 {¶ 18} "IN CONCLUSION, THIS ARBITRATOR, AFTER A CAREFUL READING OF THE PARTIES COLLECTIVE BARGAINING AGREEMENT FIND THERE IS NO PROVISION COVERING `EXTRA JOBS', AND THAT THE ONLY WAY TO SUSTAIN THE UNION GRIEVANCE WOULD BE BY `AMENDING' THE CURRENT AGREEMENT AND THIS THE ARBITRATOR CANNOT DO BASED ON THE LANGUAGE OF ARTICLE 20, STEP 5 WHEREIN IT STATES, `. . . THE ARBITRATOR SHALL NOT HAVE THE POWER TO ADD TO OR SUBTRACT FROM OR MODIFY ANY OF THE TERMS OF THIS AGREEMENT.'" *Page 6 
 {¶ 19} The arbitrator based his decision on basic uncontested facts in the record. The fire prevention personnel were assigned from the forty hour overtime list and EMS personnel were assigned from the contract's rotating overtime list. Appellant did not require appellee's members to work the Civic Center and any work there was on an "extra job" basis. Unlike the police department's CBA, the fire department's CBA did not include a provision for rates of pay for "extra jobs."
 {¶ 20} Appellee argues the arbitrator's decision included facts outside the four corners of the CBA and therefore the arbitrator exceeded his powers. In an uncontested affidavit, former Fire Chief and Chief of Staff and now Service Director Joseph Concatto stated fire prevention personnel working at the Civic Center were considered off-duty, and they were not required to work Civic Center events, but did so on a voluntary basis. Mr. Concatto further stated the lessees of the Civic Center, not appellant, were responsible for paying the fire prevention personnel for the extra jobs, and the CBA has never contained a provision controlling the rate of pay for fire prevention personnel who volunteer for extra jobs.
 {¶ 21} The arbitrator's decision was based on the uncontested evidence. The arbitrator was required to determine if working at the Civic Center qualified as overtime under Article 51 of CBA. We conclude the arbitrator merely interpreted the language of the CBA and found Article 51 did not pertain to off-duty Civic Center work. Clearly it is within the arbitrator's power to interpret Article 51 of the CBA and such an interpretation took its essence from the agreement. The arbitrator determined the meaning of the language in Article 51 and the applicability of the CBA's definition of overtime to the facts presented. *Page 7 
 {¶ 22} We find the trial court improperly interpreted the evidence and was distracted by the Canton Police Department's CBA, a separate agreement, and did not give due deference to the arbitrator's decision.
 {¶ 23} Upon review, we find the trial court erred in determining the arbitrator exceeded his powers.
 {¶ 24} Assignments of Error I and II are granted.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
 By Farmer, J., Hoffman, P.J. and Wise, J. concur. *Page 8 
JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed. *Page 1